**CT Corporation**

**Service of Process Transmittal**
11/19/2009
CT Log Number 515752030

| | |
|---|---|
| **TO:** | Bonnie Zink<br>The Procter & Gamble Company<br>299 East Sixth Street, Legal Dept., S9-118<br>Cincinnati, OH 45202 |
| **RE:** | **Process Served in Connecticut** |
| **FOR:** | The Gillette Company (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Predrag Cicvara, Pltf. vs. The Gillette Company, et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Statement |
| **COURT/AGENCY:** | Fairfield at Bridgeport Superior Court Judicial District, CT<br>Case # None Specified |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination - Terminated from position for violating the Worldwide Business Conduct Manual |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Hartford, CT |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 11/19/2009 at 14:00 |
| **APPEARANCE OR ANSWER DUE:** | 12/15/2009 - summons // on or before the second day after the Return Date - file an appearance form |
| **ATTORNEY(S) / SENDER(S):** | Michael E. Skiber<br>Law Offices of Michael E. Skiber<br>135 Elm Street<br>Bridgeport, CT 06615<br>203-615-0090 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 11/19/2009, Expected Purge Date: 11/24/2009<br>Image SOP<br>Email Notification, Bonnie Zink zink.mb@pg.com<br>Email Notification, Angie Hall hall.ag@pg.com<br>Email Notification, Rebecca Burgett burgett.rs@pg.com<br>Email Notification, Amanda Bill bill.al@pg.com |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>Gary Scappini<br>One Corporate Center<br>Floor 11<br>Hartford, CT 06103-3220<br>860-724-9044 |

Page 1 of  1 / AF

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**SUMMONS - CIVIL**
JD-CV-1 Rev. 10-09
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. Secs. 3-1 through 3-21, 8-1

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
www.jud.ct.gov

See page 2 for instructions

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

☐ "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.

☒ "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.

☐ "X" if claiming other relief in addition to or in lieu of money or damages.

| Address of court clerk where writ and other papers shall be filed *(Number, street, town and zip code)* *(C.G.S. §§ 51-346, 51-350)* | Telephone number of clerk *(with area code)* | Return Date *(Must be a Tuesday)* | | |
|---|---|---|---|---|
| 1061 MAIN STREET, BRIDGEPORT, CT 06604 | ( 203 ) 579 6527 | **DECEMBER** Month | **15** Day | **2 009** Year |

| ☒ Judicial District | G.A. | At *(Town in which writ is returnable)* *(C.C.S. §§ 51-346, 51-349)* | Case type code *(See list on page 2)* | |
|---|---|---|---|---|
| ☐ Housing Session | ☐ Number: | BRIDGEPORT | Major: **C** | Minor: **90** |

**For the Plaintiff(s) please enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)* | Juris number *(to be entered by attorney only)* |
|---|---|
| LAW OFFICES OF MICHAEL E. SKIBER, 135 ELM STREET, BRIDGEPORT, CT 06604 | 429588 |

| Telephone number *(with area code)* | Signature of Plaintiff *(if self-represented)* |
|---|---|
| ( 203 ) 615 0090 | |

Number of Plaintiffs: **1**  Number of Defendants: **3**  ☐ Form JD-CV-2 attached for additional parties

| Parties | Name *(Last, First, Middle Initial)* and Address of Each party *(Number; Street; P.O. Box; Town; State; Zip; Country, if not USA)* | |
|---|---|---|
| **First Plaintiff** | Name: CICVARA, PREDRAG<br>Address: 2122 NORTH BENSON ROAD, FAIRFIELD, CT 06824 | P-01 |
| **Additional Plaintiff** | Name:<br>Address: | P-02 |
| **First Defendant** | Name: ~~THE GILLETTE COMPANY~~ serve C T CORPORATION SYSTEM<br>Address: ONE CORPORATE CENTER, FLOOR 11, HARTFORD, CT 06103 | D-50 |
| **Additional Defendant** | Name: PROCTER & GAMBLE COMPANY serve C T CORPORATION SYSTEM, ONE CORPORATE CENTER,<br>Address: FLOOR 11, HARTFORD, CT 06103; serve also, CONNECTICUT SECRETARY OF THE STATE<br>30 TRINITY STREET, HARTFORD, CT 06106 | D-51 |
| **Additional Defendant** | Name: DURACELL serve CONNECTICUT SECRETARY OF THE STATE<br>Address: 30 TRINITY STREET, HARTFORD, CT 06106 | D-52 |
| **Additional Defendant** | Name:<br>Address: | D-53 |

## Notice to Each Defendant

1. YOU ARE BEING SUED. This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at www.jud.ct.gov under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at www.jud.ct.gov under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. The Clerk of Court is not allowed to give advice on legal questions.

| Signed *(Sign and "X" proper box)* | ☒ Commissioner of the Superior Court<br>☐ Assistant Clerk | Name of Person Signing at Left<br>Michael E. Skiber, Esq. | Date signed<br>11/16/2009 |
|---|---|---|---|

| If this Summons is signed by a Clerk: | For Court Use Only |
|---|---|
| a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.<br>b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.<br>c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.<br>d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint. | File Date<br><br>A TRUE COPY ATTEST: |

| I certify I have read and understand the above: | Signed *(Self-Represented Plaintiff)* | Date | |
|---|---|---|---|
| | | | ABE QUINN STATE MARSHAL / INDIFFERENT PERSON |

Name and address of person recognized to prosecute in the amount of $250
Wayne R. Keeney, 135 Elm Street, Bridgeport, CT 06604

| Signed *(Official taking recognizance, "X" proper box)* | ☒ Commissioner of the Superior Court<br>☐ Assistant Clerk | Date<br>11/16/2009 | Docket Number |
|---|---|---|---|

(Page 1 of 2)

DOCKET NO. CV

RETURN DATE: DECEMBER 15, 2009        : SUPERIOR COURT
                                      :
PREDRAG CICVARA                       : J.D. OF FAIRFIELD
                                      :
    v.                                :
                                      : AT BRIDGEPORT
THE GILLETTE COMPANY and              :
PROCTER & GAMBLE COMPANY and          : NOVEMBER 16, 2009
DURACELL                              :

## COMPLAINT

### COUNT ONE (Stock Options):

1. At all relevant ties hereinafter mentioned, the plaintiff, PREDRAG CICVARA was and is an individual residing in Fairfield, Connecticut.

2. At all relevant times hereinafter mentioned, the defendant, THE GILLETTE COMPANY, was and is a corporation existing under the laws of Delaware with offices located in Cincinnati, Ohio.

3. At all relevant times hereinafter mentioned, the defendant, PROCTER & GAMBLE COMPANY, was and is a corporation existing under the laws of Ohio with offices located in Cincinnati, Ohio.

4. At all relevant times hereinafter mentioned, the defendant, DURACELL, was and is a corporation existing under the laws of Delaware with offices located at Bethel, Connecticut.

5. The defendant DURACELL is an entity wholly owned or controlled by the defendant THE GILLETTE COMPANY.

6. The defendant THE GILLETTE COMPANY is an entity wholly or controlled owned by the defendant PROCTER & GAMBLE COMPANY.

7. The plaintiff was hired by the defendant DURACELL in or about November, 2000.

8. At the time the plaintiff was hired, the defendant DURACELL was wholly owned or controlled by the defendant THE GILLETTE COMPANY.

9. As part of his compensation plan with the defendant DURACELL the plaintiff was eligible to receive options to purchase stock of the defendant THE GILLETTE COMPANY (Gillette Options).

10. On or about June 21, 2001 the defendant DURACELL awarded the plaintiff 2,000 Gillette Options at the Award Price of $28.26 per share.

11. On or about June 20, 2002 the defendant DURACELL awarded the plaintiff 2,000 Gillette Options at the Award Price of $35.58 per share.

12. On or about June 19, 2003 the defendant DURACELL awarded the plaintiff 3,000 Gillette Options at the Award Price of $32.38 per share.

13. On or about June 17, 2004 the defendant DURACELL awarded the plaintiff 2,500 Gillette Options at the Award Price of $43.10 per share.

14. On or about June 16, 2005 the defendant DURACELL awarded the plaintiff 2,000 Gillette Options at the Award Price of $51.96 per share.

15. In or about October, 2005 the defendants PROCTER & GAMBLE COMPANY and THE GILLETTE COMPANY merged and the plaintiff was offered and accepted continued employment in the new entity.

16. On or about November 1, 2005 the defendant PROCTER & GAMBLE COMPANY notified the plaintiff that his outstanding Gillette Options had been converted to options to purchase Procter & Gamble stock (P&G Options).

17. On or about June 15, 2009 the plaintiff was terminated from his position with the defendant DURACELL.

18. The plaintiff was told that he was terminated from his position with the defendant DURACELL for violating the Worldwide Business Conduct Manual.

19. On or about June 16, 2009 the plaintiff attempted to exercise his P&G Options and was informed that they were cancelled because the plaintiff was "discharged for cause" as defined in the Gillette Company 1971 Stock Option Plan.

20. The circumstances surrounding the plaintiff's termination were not "discharge for cause" as defined in the Gillette Company 1971 Stock Option Plan.

21. The plaintiff is entitled to the value of P&G Options.

## COUNT TWO (Unjust Enrichment Stock Options)

22. Paragraphs 1 through 21 of the plaintiff's complaint are incorporated herein and made a part hereof as if each had been fully set forth and enumerated separately.

23. The defendants DURACELL, THE GILLETTE COMPANY, and PROCTER & GAMBLE COMPANY were unjustly enriched as a result of canceling the plaintiff's stock options.

## COUNT THREE (Severance Package)

24. Paragraphs 1 through 23 of the plaintiff's complaint are incorporated herein and made a part hereof as if each had been fully set forth and enumerated separately.

25. As part of the plaintiff's compensation package with the defendants DURACELL, THE GILLETTE COMPANY and PROCTER & GAMBLE COMPANY, the plaintiff was entitled to a severance package upon termination of his employment.

26. The plaintiff did not receive his severance package upon termination.

## COUNT FOUR (Unjust Enrichment Severance Package)

27. Paragraphs 1 through 26 of the plaintiff's complaint are incorporated herein and made a part hereof as if each had been fully set forth and enumerated separately.

28. The defendants DURACELL, THE GILLETTE COMPANY, and PROCTER & GAMBLE COMPANY were unjustly enriched as a result of canceling the plaintiff's severance package.

## COUNT FIVE (Annual Bonus)

29. Paragraphs 1 through 28 of the plaintiff's complaint are incorporated herein and made a part hereof as if each had been fully set forth and enumerated separately.

30. As part of the plaintiff's compensation package with the defendants DURACEL, THE GILLETTE COMPANY and PROCTER & GAMBLE, the plaintiff was entitled to an annual bonus.

31. The plaintiff did not receive his annual bonus for fiscal 2008 - 2009.

## COUNT SIX (Statutory Payment of Wage)

32. Paragraphs 1 through 31 of the plaintiff's complaint are incorporated herein and made a part hereof as if each had been fully set forth and enumerated separately.

33. The defendants, DURACELL, THE GILLETTE COMPANY and PROCTER & GAMBLE are each, employers as defined under Connecticut General Statutes (C.G.S.) § 31-71a, et. seq.

34. The plaintiff is an employee as defined under C.C.S. § 31-71a, et. seq.

35. The plaintiff asserts his claim for damages under C.G.S. § 31-72.

WHEREFORE, the Plaintiff PREDRAG CICVARA claims,

As to Count One:

    1. Money damages;

    2. Interest and costs;

    3.Such other and further relief as the Court deems equitable.

As to Count Two:

    1.  Money damages;

    2.  Interest and costs;

    3.  Such other and further relief as the Court deems equitable.

As to Count Three:

    1.  Money damages;

    2.  Interest and costs;

    3.  Such other and further relief as the Court deems equitable.

As to Count Four:

    1.  Money damages;

    2.  Interest and costs;

    3.  Such other and further relief as the Court deems equitable.

**As to Count Five:**

    1. Money damages;

    2. Interest and costs;

    3. Such other and further relief as the Court deems equitable.

**As to Count Six:**

    1. Money damages;

    2. Twice the full amount of wages owed as allowed under C.G.S. § 71-32;

    3. Interest and costs;

    4. Such other and further relief as the Court deems equitable.


                THE PLAINTIFF,
                PREDRAG CICVARA, BY


                *[signature]*

                Michael E. Skiber
                Law Offices of Michael E. Skiber
                Juris# 429588
                135 Elm Street, Bridgeport, CT 06615
                (203) 615-0090
                His Attorney

A TRUE COPY ATTEST:

*[signature]*

ABE GILLXXRATE MARSHAL / INDIFFERENT PERSON

DOCKET NO. CV
RETURN DATE:  DECEMBER 15, 2009          :  SUPERIOR COURT
                                         :
PREDRAG CICVARA                          :  J.D. OF FAIRFIELD
                                         :
        v.                               :
                                         :  AT BRIDGEPORT
THE GILLETTE COMPANY and                 :
THE PROCTOR & GAMBLE COMPANY and         :  NOVEMBER 16, 2009
DURACELL                                 :

## STATEMENT OF AMOUNT IN DEMAND

The amount, legal interest or property in demand is more than $15,000.00, exclusive of interest and costs.

                          THE PLAINTIFF,
                          PREDRAG CICVARA, BY


                          Michael E. Skiber
                          Law Offices of Michael E. Skiber
                          Juris# 429588
                          135 Elm Street, Bridgeport, CT  06615
                          (203) 615-0090
                          His Attorney


A TRUE COPY ATTEST:

ABE GILES STATE MARSHAL / INDIFFERENT PERSON

## CERTIFICATE OF SERVICE

I, Richard I. Scharlat, hereby certify that on December 15, 2009, a true copy of the

foregoing document was delivered by first class U.S. mail, postage prepaid, upon Michael E.

Skiber, Law Offices of Michael E. Skiber, 135 Elm Street, Bridgeport, CT 06615.

Richard I. Scharlat

-4-