UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

```
-------------------------------------------------------------x
PREDRAG CICVARA                              :
                                             :
    v.                                       :CIVIL ACTION NO. 3:09v2054(JCH)
                                             :
THE GILLETTE COMPANY and                     :
PROCTER & GAMBLE COMPANY, INC and            :JANUARY 6, 2009
DURACELL, AN ENTITY OF UNKNOWN               :
FORM                                         :
                                             :
-------------------------------------------------------------x
```

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR JOINDER OF ADDITIONAL PARTY AND REMAND TO STATE COURT

**I.     INTRODUCTION**

The Court must grant plaintiff's Motion for Joinder and Remand to State Court because Lynne Burnett ("Defendant Burnett") is a necessary, non-diverse party and it is in the interest of fundamental fairness to grant remand this case to state court.

The above captioned matter comes before this Court on removal by the existing defendants from the State Superior Court of Connecticut to the United States Federal District Court for the District of Connecticut.

On or about November 19, 2009, plaintiff, a Connecticut resident filed a proper writ, summons and complaint in the State of Connecticut Superior Court for the Judicial District of Fairfield (hereinafter, the "State Court Action").  Plaintiff's claims stem from the defendant's breach of contract resulting from defendant's termination of plaintiff, allegedly "for cause", which has resulted in significant damages to plaintiff, including but not limited to:  loss of employment, stock options, severance package and annual bonus.

On or about December 19, 2009, defendants removed the State Court Action, which plaintiff became aware of several days later. On or about January 6, 2009, approximately two (2) weeks after plaintiff was notified of the removal of the State Action to federal court, plaintiff filed a motion to amend his complaint, once as a matter of course pursuant to Fed. R. Civ. P. 15(a)(1). The First Amended Complaint includes the addition of Defendant Burnett, a Connecticut resident, and an additional count for Tortious Interference with a Business Relationship against Defendant Burnett.

In compliance with 28 U.S.C. §1447(e), plaintiff moves this honorable court to grant his motion for joinder of Defendant Burnett and remand the case to state court for adjudication of his claims for relief because the addition of Defendant Burnett is necessary for adjudication, it is in the interest of fundamental fairness to allow plaintiff to amend his complaint, the presence of Defendant Burnett destroys federal diversity subject matter jurisdiction and defendants have failed to state independent grounds for this court to retain jurisdiction.

## II. JOINDER OF DEFENDANT LYNNE BURNETT IS COMPULSORY TO ADJUDICATION AND FUNDAMENTALLY FAIR

Pursuant to 28 U.S.C. § 1447(e)" "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e)

In order for a court to grant a Joinder and Remand under § 1447(e), there must be a threshold showing under Fed.R.Civ.P. 20, that: "if there is asserted against [the defendants] any right to relief in respect of or arising out of the same transaction or occurrences and if any question of law or fact common to all defendants will arise in the action.". *See also United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 724, (1966) (stating that under the Federal Rules

generally, "the impulse is toward the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged.").

In the instant case, the presence of Defendant Burnett is not only appropriate, but necessary because her conduct is clearly actionable and completely intertwined with the existing defendants, Procter & Gamble, The Gillette Company and Duracell.

Defendant Burnett is employed by the existing defendants, Procter & Gamble, The Gillette Company and/or Duracell as a human resources official and was integral in causing the damages suffered by plaintiff. Accordingly, Defendant Burnett must be joined to permit plaintiff the opportunity to explore all avenues of relief and prevent him from being precluded from obtaining said relief.

**III.   THE COURT MUST REMAND THIS CASE TO STATE COURT IN THE INTEREST OF FUNDAMENTAL FAIRNESS.**

Once joinder of a party is determined to be valid, the Court's analysis will shift to fundamental fairness in deciding whether to remand the case to state court. The Second Circuit has adopted the fundamental fairness approach. *See Nazario v. Deere & Company,* 295 F.Supp.2d 360, 363 (S.D.N.Y.2003); *see also Collins v. Kohl's Dept. Stores, Inc*., 2004 WL 1944027, (D.Conn. 2004). The factors for consideration in assessing fundamental fairness are: "(1) any delay, as well as the reason for delay, in seeking joinder; (2) resulting prejudice to defendant; (3) likelihood of multiple litigation; and (4) plaintiff's motivation for the amendment." *Ids.*

**a.   What were the reasons for delay in filing joinder and the motivations thereof?**

The first factor considered by the court is considering the delay in filing a Motion for Joinder of Party and the reasons thereof. In *Collins v. Kohl's Dept. Stores, Inc*, the Court found that the plaintiff's desire for joinder and remand was not unduly delayed. In fact, the motion was

3

filed less than a month after removal to federal court by the defendant. *Collins v. Kohl's Dept. Stores, Inc.*, 2004 WL 1944027, *2 (D.Conn. 2004).

Moreover, reasons for delay by plaintiff were deemed valid in *Collins*. The delay was considered reasonable by the Court where the manager of the other defendant department store was joined in a personal injury claim a month after the action was filed due to an ongoing investigation that was incomplete at the time of removal to federal court. *Collins v. Kohl's Dept. Stores, Inc.*, 2004 WL 1944027, *2 (D.Conn. 2004).

### b. Will granting a motion for joinder and remand to state court prejudice the already existing defendants?

Prejudice to existing defendants must also be considered by the Court. In *Nazario v. Deere & Company*, the Court held that a motion to remand and joinder of parties would not prejudice the defendant. *Nazario,* 295 F.Supp.2d 360, 364 (S.D.N.Y.2003). The Court reasoned that despite the fact the parties had performed substantial discovery over five (5) months, the defendant would not be prejudiced since the discovery and trial strategy would be identical in a state court action. *Id.*

### c. Will Joinder and Remand promote judicial efficiency?

Judicial efficiency is another factor the Court should consider in its evaluation of whether to grant a motion to join a party and remand the case to state court under U.S.C. 1447(e). In *Nazario,* the court held plaintiff's motion to join and remand would be bolstered where there was a common nucleus of facts and consolidating claims would prevent multiple litigation in several different forums. *Nazario v. Deere & Company,* 295 F.Supp.2d 360, 364 (S.D.N.Y.2003).

### d. What is Plaintiff's Motivation for Joinder and Remand?

Finally, the Court will seek to determine the motivations of the plaintiff in seeking to join an additional party and remand the case to State Court. In *Collins,* the court found the plaintiff's

motivation for joinder were proper where the Notice of Removal was filed simultaneously with the appearance, which did not give plaintiff the opportunity to perform sufficient discovery in determining the feasibility of amending a complaint to add additional defendants and counts. *Collins v. Kohl's Dept. Stores, Inc.*, 2004 WL 1944027, *2 (D.Conn. 2004). In contrast, the court in *Nazario* ruled that the reason for joinder was solely to defeat subject matter jurisdiction based on abundant evidence related to delay and failure to act on consolidation of actions at a much earlier point in time. *Nazario v. Deere & Company,* 295 F.Supp.2d 360, 364 (S.D.N.Y.2003).

IV.   **ARGUMENT**

In the instant case, fundamental fairness demands that the plaintiff be permitted to join Defendant Burnett as a necessary defendant.

    **a. Plaintiff's Motion for Joinder and Remand was timely filed, shortly after the defendant's removal to federal court.**

First, with respect to delay, the plaintiff promptly moved to file his First Amended Complaint, which includes a Count for Tortious Interference with a Business Relationship against Defendant Burnett. In *Collins*, the Court found the filing of the motion to join a party and remand to state court a month after the removal was reasonable under the circumstances. *Collins v. Kohl's Dept. Stores, Inc*. 2004 WL 1944027, *2 (D.Conn. 2004). Here, plaintiff filed his motion in much less time: approximately two (2) weeks after being notified of the removal from state to federal court.

Plaintiff further represents that during his due diligence, it came to light that Defendant Burnett was not only instrumental in causing plaintiff's damages, but her conduct was actionable. Defendant Burnett clearly harbored negative personal feelings towards plaintiff. As such, plaintiff must be able to explore each and every remedy available after allegedly being

terminated for cause. Plaintiff fears that if Defendant Burnett is not joined in the instant action, he might ultimately be precluded from being granted *any* relief in any court of law.

**b. Defendants will not suffer any prejudice by remanding this case to State Court because they have yet to file a responsive pleading and any discovery already performed will be applicable in a state court action.**

The delay of (2) weeks in filing this Motion for Joinder and Remand will not cause defendant prejudice. The plaintiff filed his First Amended Complaint pursuant to Fed. R. Civ. P. Rule 15(a)(1) before a responsive pleading was filed by the defendants. In *Nazario*, the Court also found the absence of prejudice to defendants. However, in that case the motion for joinder and remand were filed more than <u>five months</u> after removal. *Nazario v. Deere & Company,* 295 F.Supp.2d 360, 364 (S.D.N.Y.2003). Thus, plaintiff's motion filed approximately (2) weeks after the case was removed to federal court will not prejudice the existing defendants.

**c. Granting plaintiff's Motion for Joinder and Remand will advance judicial efficiency.**

Third, in regard to multiple litigation based on the denial of joinder, plaintiff's motion to remand and joinder should be granted in the interest of judicial economy. Much the same as *Collins,* the claims against the defendants present common questions of fact and law that should be adjudicated in one court action. Defendant Burnett's personal feelings concerning the plaintiff clearly were instrumental in causing plaintiff's damages. Accordingly, whether or not plaintiff's motion for joinder and remand is granted, plaintiff fully intends to file an action against Defendant Burnett in state court.

**d. Plaintiff's motivation for the amendment is legitimate.**

Lastly, the motivations for joining Defendant Burnett were legitimate. The Court in *Nazario* expressed serious concerns where a plaintiff would create a fraudulent or non-diverse party. *Nazario v. Deere & Company,* 295 F.Supp.2d 360, 364 (S.D.N.Y.2003); *see also Allied*

6

*Programs v. Puritans Ins. Co.,* 592 F.Supp. 1274, 1276 (holding that plaintiff may not extinguish diversity jurisdiction by fraudulently joining "parties who are not truly related to the cause of action but who happen to be residents of the state where the action is brought").

In the instant case, it cannot be disputed that Defendant Burnett, a resident of Connecticut and human resources employee of the existing defendant's, had a direct impact on causing plaintiff's damages. Therefore, plaintiff's amendment to include defendant Burnett is based solely on legitimate means.

V.     **CONCLUSION**

It should also be noted that the Defendants have not asserted any other independent means by which this Court can assert subject matter jurisdiction. The Federal Court must have subject matter jurisdiction in order to adjudicate a court action. Under § 1332(a)(1), a district court has original subject-matter jurisdiction pursuant to diversity of citizenship jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States." *Lupo v. Human Affairs Int'l, Inc.,* 28 F.3d 269, 274 (2d Cir.1994). Diversity jurisdiction is found only when all adverse parties to litigation are completely diverse in their citizenships. *Herrick Co., Inc. v. SCS Communications,* 251 F.3d 315, 322 (2d Cir.2001).

Accordingly, the Court should grant plaintiff's Motion to Join Lynn Burnett and Remand this case to state court for further adjudication.

Respectfully Submitted,

PREDRAG CICVARA, BY

/s/ Michael E. Skiber, Esq.
Michael E. Skiber, Esq.
The Law Office of Michael E. Skiber, LLC
Federal Bar No. ct27935
135 Elm Street, Bridgeport, CT  06604
(203) 615-0090

**CERTIFICATION**

I hereby certify that on January 6, 2009, a copy of foregoing MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR JOINDER OF ADDITIONAL PARTY AND REMAND TO STATE COURT was filed electronically and served on anyone unable to accept electronic filing.  Notice of the filing will be sent via email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.  The foregoing was also mailed via first class mail postage prepaid to the following Counsel of Record:

Seyfarth Shaw LLP
Edward Cerasia II, Esq.
620 Eight Avenue
New York, NY 10018-1405

/s/ Michael E. Skiber, Esq.
Michael E. Skiber, Esq.
The Law Office of Michael E. Skiber, LLC
Federal Bar No. ct27935
135 Elm Street, Bridgeport, CT  06604
(203) 615-0090