UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------- x
: 
PREDRAG CICVARA,                                    :   Civil Action No.3:09-cv-2054
                                                    :   (JCH) (HF)
          Plaintiff,                                :
                                                    :
     v.                                             :   January 22, 2010
                                                    :
THE GILLETTE COMPANY and PROCTER &                  :
GAMBLE COMPANY, INC, DURACELL, AN ENTITY            :
OF UNKNOWN FORM, and LYNNE BURNETT,                 :
                                                    :
          Defendants.                               :
                                                    :
------------------------------------- x

ANSWER AND AFFIRMATIVE DEFENSES

Defendants The Gillette Company and The Procter & Gamble Company (collectively "Procter & Gamble") (incorrectly pled as "Procter & Gamble Company, Inc., Duracell, an entity of unknown form"),[1] pursuant to Fed. R. Civ. P. 8 & 12, by their attorneys, Seyfarth Shaw LLP, answer the First Amended Complaint ("Amended Complaint") of Plaintiff Predrag Cicvara ("Plaintiff') as follows:

FIRST AMENDED COMPLAINT

1.     Procter & Gamble lacks knowledge sufficient to admit or deny the allegations contained in paragraph 1 of the Amended Complaint, except admits, on information and belief, that Plaintiff is a resident of the State of Connecticut.

---

[1] Defendant Lynne Burnett has filed a Motion to Dismiss the sole count against her, Count Eight, and to be dismissed as a party to this action pursuant to Fed. R. Civ. P. 12(b)(6). Following the adjudication of that motion, Defendant Burnett will submit her Answer to the Amended Complaint, if necessary.

2. Procter & Gamble denies the allegations in paragraph 2 of the Amended Complaint, except admits that The Gillette Company is organized under the laws of the State of Delaware and has offices located in Boston, Massachusetts.

3. Procter & Gamble admits the allegations contained in paragraph 3 of the Amended Complaint.

4. Procter & Gamble denies the allegations in paragraph 4 of the Amended Complaint, except as to the allegation that Duracell is an "unknown entity," as to which Procter & Gamble avers that Duracell is not an entity but a product brand of Procter & Gamble.

5. Procter & Gamble denies the allegations in paragraph 5 of the Amended Complaint.

COUNT ONE (Breach of Contract – Stock Options)

6. Procter & Gamble relies on, and incorporates herein in full, all prior responses to allegations in the Amended Complaint.

7. Procter & Gamble denies the allegations in paragraph 7 of the Amended Complaint, except as to the allegation that Duracell is an "unknown entity," as to which Procter & Gamble avers that Duracell is not an entity but a product brand of Procter & Gamble.

8. Procter & Gamble admits the allegations in paragraph 8 of the Amended Complaint.

9. Procter & Gamble denies the allegations in paragraph 9 of the Amended Complaint, and avers that Duracell ceased being a legal entity as of January 1, 1999.

10. Procter & Gamble denies the allegations in paragraph 10 of the Amended Complaint, and avers that Duracell ceased being a legal entity as of January 1, 1999.

11. As to the allegations in paragraph 11 of the Amended Complaint, Procter & Gamble denies that Plaintiff had any compensation plan with Duracell, admits that Plaintiff was eligible to receive options to purchase the common stock of The Gillette Company ("Gillette Options"), and avers that Duracell ceased being a legal entity as of January 1, 1999.

12. Procter & Gamble denies the allegations in paragraph 12 of the Amended Complaint as to the number of options and exercise price and that Duracell awarded any such options, and admits only that Plaintiff was granted Gillette Options, subject to the terms and conditions of the 1971 Stock Option Plan (as amended).  Procter & Gamble further denies that Duracell is a proper defendant, and avers it ceased being a legal entity as of January 1, 1999.

13. Procter & Gamble denies the allegations in paragraph 13 of the Amended Complaint as to the number of options and exercise price and that Duracell awarded any such options, and admits only that Plaintiff was granted Gillette Options, subject to the terms and conditions of the 1971 Stock Option Plan (as amended).  Procter & Gamble further denies that Duracell is a proper defendant, and avers it ceased being a legal entity as of January 1, 1999.

14. Procter & Gamble denies the allegations in paragraph 14 of the Amended Complaint as to the number of options and exercise price and that Duracell awarded any such options, and admits only that Plaintiff was granted Gillette Options, subject to the terms and conditions of the 1971 Stock Option Plan (as amended).  Procter & Gamble further denies that Duracell is a proper defendant, and avers it ceased being a legal entity as of January 1, 1999.

15.     Procter & Gamble denies the allegations in paragraph 15 of the Amended Complaint as to the number of options and exercise price and that Duracell awarded any such options, and admits only that Plaintiff was granted Gillette Options, subject to the terms and conditions of the 1971 Stock Option Plan (as amended).  Procter & Gamble further denies that Duracell is a proper defendant, and avers it ceased being a legal entity as of January 1, 1999.

16.     Procter & Gamble denies the allegations in paragraph 16 of the Amended Complaint as to the number of options and exercise price and that Duracell awarded any such options, and admits only that Plaintiff was granted Gillette Options subject to the terms and conditions of the 1971 Stock Option Plan (as amended).  Procter & Gamble further denies that Duracell is a proper defendant, and avers it ceased being a legal entity as of January 1, 1999.

17.     To the extent that the allegations in paragraph 17 of the Amended Complaint call for legal conclusions, no response is required.  To the extent that paragraph 17 of the Amended Complaint alleges facts against Procter & Gamble, Procter & Gamble admits those allegations.

18.     To the extent that the allegations in paragraph 18 of the Amended Complaint call for legal conclusions, no response is required.  To the extent that paragraph 18 of the Amended Complaint alleges facts against Procter & Gamble, Procter & Gamble admits those allegations.

19.     Procter & Gamble denies the allegations in paragraph 19 of the Amended Complaint that Duracell terminated Plaintiff's employment and that Duracell employed Plaintiff at the time of his termination, and admits that Procter & Gamble terminated his employment for cause on June 15, 2009.  Procter & Gamble further denies that Duracell is a proper defendant, and avers it ceased being a legal entity as of January 1, 1999.

20.     Procter & Gamble denies the allegations in paragraph 20 of the Amended Complaint that Duracell terminated Plaintiff's employment and that Duracell employed Plaintiff at the time of his termination, and admits that his employment with Procter & Gamble was terminated for violating the Worldwide Business Conduct Manual.  Procter & Gamble further denies that Duracell is a proper defendant, and avers it ceased being a legal entity as of January 1, 1999.

21.     Procter & Gamble denies the allegations in paragraph 21 of the Amended Complaint that Plaintiff attempted to exercise his "P&G Options" on June 16, 2009, and admits that his "P&G Options" were cancelled because he was discharged for cause in accordance with the 1971 Stock Option Plan (as amended).

22.     Procter & Gamble denies the allegations in paragraph 22 of the Amended Complaint that Duracell employed Plaintiff and that his employment with Duracell ended.  To the extent that the remaining allegations in paragraph 22 of the Amended Complaint call for legal conclusions, no response is required.  To the extent that the remaining allegations in paragraph 22 of the Amended Complaint allege facts against Procter & Gamble, Procter & Gamble admits those allegations, and further avers the options were cancelled in accordance with the 1971 Stock Option Plan (as amended).  Procter & Gamble further denies that Duracell is a proper defendant, and avers it ceased being a legal entity as of January 1, 1999.

23.     Procter & Gamble denies the allegations in paragraph 23 of the Amended Complaint.  Procter & Gamble avers that Plaintiff was discharged for cause because, among other reasons, he made repeated, unwanted, physical, sexual advances on a client representative of Procter & Gamble, and that he stated to this representative "I want to rape you."

24.     To the extent that the allegations in paragraph 24 of the Amended Complaint call for legal conclusions, no response is required.  To the extent that paragraph 24 of the Amended Complaint alleges facts against Procter & Gamble, Procter & Gamble denies those allegations.  Procter & Gamble further denies that Duracell is a proper defendant, and avers it ceased being a legal entity as of January 1, 1999.

COUNT TWO (Unjust Enrichment - Stock Options)

25.     Procter & Gamble relies on, and incorporates herein in full, all prior responses to allegations in the Amended Complaint.

26.     To the extent that the allegations in paragraph 26 of the Amended Complaint call for legal conclusions, no response is required.  To the extent that paragraph 26 of the Amended Complaint alleges facts against Procter & Gamble, Procter & Gamble denies those allegations.  Procter & Gamble further denies that Duracell is a proper defendant, and avers it ceased being a legal entity as of January 1, 1999.

COUNT THREE (Breach of Contract - Severance Package)

27.     Procter & Gamble relies on, and incorporates herein in full, all prior responses to allegations in the Amended Complaint.

28.     To the extent that the allegations in paragraph 28 of the Amended Complaint call for a legal conclusion, no response is required.  To the extent that paragraph 28 of the Amended Complaint alleges facts against Procter & Gamble, Procter & Gamble denies those allegations.  Procter & Gamble further denies that Duracell is a proper defendant, and avers it ceased being a legal entity as of January 1, 1999.

29.     Procter & Gamble denies the allegations in paragraph 29 of the Amended Complaint that any severance package existed and that Plaintiff had any legal right to any such severance package, and admits he did not receive a severance package upon his termination. Procter & Gamble further denies that Duracell is a proper defendant, and avers it ceased being a legal entity as of January 1, 1999.

30.     To the extent that the allegations in paragraph 30 of the Amended Complaint call for a legal conclusion, no response is required. To the extent that paragraph 30 of the Amended Complaint alleges facts against Procter & Gamble, Procter & Gamble denies those allegations. Procter & Gamble further denies that Duracell is a proper defendant, and avers it ceased being a legal entity as of January 1, 1999.

<u>COUNT FOUR (Unjust Enrichment - Severance Package)</u>

31.     Procter & Gamble relies on, and incorporates herein in full, all prior responses to allegations in the Amended Complaint.

32.     To the extent that the allegations in paragraph 32 of the Amended Complaint call for a legal conclusion, no response is required. To the extent that paragraph 32 of the Amended Complaint alleges facts against Procter & Gamble, Procter & Gamble denies those allegations. Procter & Gamble further denies that Duracell is a proper defendant, and avers it ceased being a legal entity as of January 1, 1999.

<u>COUNT FIVE (Breach of Contract - Annual Bonus)</u>

33.     Procter & Gamble relies on, and incorporates herein in full, all prior responses to allegations in the Amended Complaint.

34.	Procter & Gamble denies the allegations in paragraph 34 of the Amended Complaint.

35.	Procter & Gamble denies the allegations in paragraph 35 of the Amended Complaint to the extent it assumes Plaintiff had any legal right to any annual bonus, and admits he did not receive an annual bonus for fiscal year 2008 to 2009.

36.	Procter & Gamble denies the allegations in paragraph 36 of the Amended Complaint.

COUNT SIX (Unjust Enrichment – Annual Bonus)

37.	Procter & Gamble relies on, and incorporates herein in full, all prior responses to allegations in the Amended Complaint.

38.	Procter & Gamble denies the allegations in paragraph 38 of the Amended Complaint.

COUNT SEVEN (Statutory Payment of Wage)

39.	Procter & Gamble relies on, and incorporates herein in full, all prior responses to allegations in the Amended Complaint.

40.	To the extent that the allegations in paragraph 40 of the Amended Complaint call for a legal conclusion, no response is required.  Procter & Gamble denies that Duracell is a proper defendant and avers that Duracell ceased being a legal as of January 1, 1999, and admits that Procter & Gamble employs individuals to work for it.

41.	To the extent that the allegations in paragraph 41 of the Amended Complaint call for a legal conclusion, no response is required.  To the extent that paragraph 41 of the Amended

Complaint alleges facts against Procter & Gamble, Procter & Gamble lacks knowledge sufficient to admit or deny the remaining allegations.

42. To the extent that the allegations in paragraph 42 of the Amended Complaint call for a legal conclusion, no response is required. To the extent that paragraph 42 of the Amended Complaint alleges facts against Procter & Gamble, Procter & Gamble lacks knowledge sufficient to admit or deny the remaining allegations.

### COUNT EIGHT (Tortious Interference with Business Relationship)

Defendant Burnett has filed a Motion to Dismiss this count and to be dismissed as a party to this action pursuant to Fed. R. Civ. P. 12(b)(6), as this count fails to state a claim as a matter of law. Following the adjudication of that motion, Defendant Burnett will respond to this count, if necessary.

Procter & Gamble denies that Plaintiff is entitled to any of the relief sought in the "WHEREFORE" clause on pages 7 and 8 of the Amended Complaint, or to any other relief.

### GENERAL DENIAL

Procter & Gamble denies each and every allegation in the Amended Complaint, not specifically admitted therein.

### AFFIRMATIVE AND OTHER DEFENSES

Procter & Gamble asserts the following affirmative and other defenses without assuming any burden of production or proof that it would not have otherwise. Procter & Gamble further avers that, to the extent Plaintiff's allegations and/or claims are so vague as to render them impossible to identify every affirmative or other defense, Procter & Gambles expressly reserves its right to assert additional defenses should the precise nature of Plaintiff's allegations and/or claims later become clear.

### FIRST DEFENSE

The Amended Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

## SECOND DEFENSE

Plaintiff's alleged damages must be reduced to the extent that he has failed to reasonably mitigate them.

## THIRD DEFENSE

The Amended Complaint is barred, in whole or in part, by the doctrine of after-acquired evidence and/or unclean hands.

## FOURTH DEFENSE

The Amended Complaint is barred, in whole or in part, by the doctrine of waiver, estoppel, and/or laches.

## FIFTH DEFENSE

The Amended Complaint is barred, in whole or in party, by the applicable statute(s) of limitations.

## SIXTH DEFENSE

Plaintiff's own conduct caused, in whole or in part, whatever damages he may have suffered.

## SEVENTH DEFENSE

At all times, Procter & Gamble acted reasonably and in good faith.

## EIGHTH DEFENSE

All actions taken or omitted by Procter & Gamble with respect to Plaintiff were taken or omitted in good faith, without any malice, evil motives, callous indifference, reckless indifference, or willfulness.

## NINTH DEFENSE

Procter & Gamble did not intentionally, willfully, recklessly, negligently or otherwise violate Connecticut General Statutes §§ 31-81a, et seq.

RESERVATION OF RIGHTS

Procter & Gamble reserves its rights to amend its Answer and to assert any additional affirmative or other defenses as may become available or apparent at a future date.

WHEREFORE, Procter & Gamble prays that the Court enter a judgment:

1. dismissing the Amended Complaint;

2. granting to Procter & Gamble its costs, including attorneys' fees, incurred in this action; and

3. granting to Procter & Gamble such other and further relief as the Court may deem just and proper.

Dated this 22nd day of January, 2010, at New York, New York.

    Respectfully submitted,

    SEYFARTH SHAW LLP

    By: /s/ Richard I. Scharlat
        Richard I. Scharlat (ct 23641)
        Edward Cerasia II (ct 13096)
    620 Eighth Avenue, 32nd floor
    New York, New York 10018
    (212) 218-5500

    Attorneys for Defendants The Procter & Gamble Company, The Gillette Company and Lynne Burnett