UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
PREDRAG CICVARA,  : Civil Action No.3:09-cv-2054
: (JCH) (HF)
        Plaintiff, :
:
     v. :
:
THE GILLETTE COMPANY and PROCTER & : January 22, 2010
GAMBLE COMPANY and DURACELL, AN ENTITY :
OF UNKNOWN FORM and LYNNE BURNETT, :
:
        Defendants. :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DEFENDANT BURNETT'S MEMORANDUM OF LAW IN SUPPORT OF HER
MOTION TO DISMISS COUNT EIGHT TO THE AMENDED COMPLAINT
AND DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFF'S MOTION TO REMAND TO STATE COURT AND FOR JOINDER

*Of Counsel:*

   Edward Cerasia II (ct 13096)
   Richard I. Scharlat (ct 23641)

Oral argument is requested

SEYFARTH SHAW LLP
620 Eighth Avenue
New York, New York 10018-1405
(212) 218-5500

Attorneys for Defendants The Gillette Company,
The Procter & Gamble Company and Lynne Burnett

TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................1

    FACTUAL AND PROCEDURAL BACKGROUND........................................................2

    ARGUMENT .....................................................................................................................5

        I.     PLAINTIFF'S CLAIM OF TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIP AGAINST LYNNE BURNETT FAILS TO ALLEGE FACTS SUFFICIENT TO ESTABLISH A VALID CLAIM IN THE AMENDED COMPLAINT ................................................................5

        II.    PLAINTIFF'S MOTION TO REMAND SHOULD BE DENIED BECAUSE DIVERSITY JURISDICTION REMAINS EVEN IF MS. BURNETT IS AN ADDED PARTY..........................................................................8

        III.   PLAINTIFF FRAUDULENTLY JOINED MS. BURNETT TO DEFEAT DIVERSITY JURISDICTION AND ASSERTED A CAUSE OF ACTION AGAINST HER WITH NO POSSIBILITY OF SUCCESS AND HIS MOTION FOR JOINDER SHOULD THEREFORE BE DENIED................................................................................................................10

CONCLUSION................................................................................................................12

# TABLE OF AUTHORITIES

Page(s)

**FEDERAL CASES**

*Adrian Family Partners I, LP v. ExxonMobil Corp.*,
   79 Fed. Appx. 489 (2d Cir. 2003) ................................................................................9

*Ashcroft v. Iqbal*,
   129 S.Ct. 1937 (2009) ................................................................................................1, 5

*Bell Atlantic Corp. v. Twombly*,
   127 S.Ct. 1955 (2007) ................................................................................................1, 5

*Boulevard Assocs. v. Sovereign Hotels, Inc.*,
   72 F.3d 1029 (2d Cir. 1995) ........................................................................................7

*Briarpatch Ltd., L.P v. Phoenix Pictures, Inc.*,
   373 F.3d 296 (2d Cir. 2004) ........................................................................................10

*Deming v. Nationwide Mutual Ins. Co.*,
   2004 U.S. Dist. LEXIS 2396 (D. Conn. Feb. 14, 2004) ..............................................10

*Gooden v. State Dep't of Corr.*,
   2009 U.S. Dist. LEXIS 68123 (D. Conn. Aug. 3, 2009) .............................................5

*Johnson v. Smithsonian Inst.*,
   4 Fed. Appx. 69 (2d Cir. 2001) ...................................................................................8, 9

*Newman-Green, Inc. v. Alfonzo-Larrain*,
   490 U.S. 826 (1989) ....................................................................................................8

*Oski v. Fed. Express Corp.*,
   2009 U.S. Dist. LEXIS 93998 (D. Conn. Oct. 6, 2009) ..............................................6, 7

*Pampillonia v. RJR Nabisco, Inc.*,
   138 F.3d 459 (2d Cir. 1998) ........................................................................................8, 10, 11

*Pinkston v. Conn.*,
   2009 U.S. Dist. LEXIS 79601 (D. Conn. Sept. 2, 2009) .............................................5

*Raynor v. Shock Doctor, Inc.*,
   2009 U.S. Dist. LEXIS 10624 (D. Conn. Feb. 11, 2009) ............................................8, 9

*Rosado v. Potter*,
   2007 U.S. Dist. LEXIS 277 (D. Conn. Jan. 3, 2007) ...................................................6

*Strawbridge v. Curtiss*,
 7 U.S. 267, 2 L. Ed. 435 (1806) ..................................................................................8

*Wachovia Bank, N.A. v. Schmidt*,
 546 U.S. 303 (U.S. 2006) ............................................................................................8

*Whitaker v. Am. Telecasting, Inc.*,
 261 F.3d 196 (2d Cir. 2001) ......................................................................................10

**STATE CASES**

*Appleton v. Bd. of Educ.*,
 53 Conn. App. 252, 730 A.2d 88 (1999) ...............................................................7, 10

*Daley v. Aetna Life and Casualty Co.*,
 249 Conn. 766, 734 A.2d 112 (1999) ..............................................................6, 7, 11

*Harp v. King*,
 266 Conn. 747, 835 A.2d 953 (2003) .........................................................................7

*Lawrence v. Harrington*,
 2005 Conn. Super. LEXIS 1639 (Conn. Super. Ct. June 14, 2005) ...........................7

*Solomon v. Aberman*,
 196 Conn. 359, 493 A.2d 193 (1985) ..................................................................6, 11

**FEDERAL STATUTES**

28 U.S. C. § 1332(a) .............................................................................................................9

28 U.S.C. § 1332(a)(1) .....................................................................................................2, 3

**RULES**

Fed. R. Civ. P. 12(b)(6) ....................................................................................................1, 5

PRELIMINARY STATEMENT

Defendant Lynne Burnett ("Burnett") respectfully submits this memorandum of law in support of her motion pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss Count Eight to the Amended Complaint of Plaintiff Predrag Cicvara for failure to state a claim upon which relief can be granted, and The Gillette Company, The Procter & Gamble Company (collectively "Procter & Gamble") and Ms. Burnett (collectively "Defendants") submit this memorandum of law in opposition to Plaintiff's Motion to Remand to State Court and for Joinder of an Additional Party.

A review of Plaintiff's Amended Complaint and motions for remand and joinder leads to the inescapable conclusion that Lynne Burnett was added as an individual Defendant solely in an effort to defeat diversity jurisdiction. Plaintiff's efforts fail for three critical, independent reasons.

First, the Eighth Count should be dismissed as a matter of law. By asserting the claim of tortious interference with business relationship against Ms. Burnett, Plaintiff fails to meet the necessary pleading standard the United States Supreme Court established in *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) and *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007) that a claim must be supported by factual allegations. This cause of action is pled without the necessary supporting factual allegations. It is, at most, the kind of threadbare claim that the Supreme Court rejected in *Iqbql* and *Twombly*, and is properly dismissed pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff fails to plead two essential elements for establishing a tortious interference claim in the employment context, namely: (1) that Ms. Burnett intentionally and without justification interfered with Plaintiff's relationship with Procter & Gamble; and (2) that Ms. Burnett acted outside the scope of her employment with Procter & Gamble in engaging in the alleged conduct.

1

Count Eight of the Amended Complaint, and correspondingly Ms. Burnett, should be dismissed, thus defeating Plaintiff's motion to remand and for joinder.

Second, Plaintiff's motion to remand should be denied as diversity jurisdiction remains undisturbed even if Ms. Burnett remains as a party. She was, and remains, a citizen of the State of Florida during all critical filings: the original Complaint, Defendants' removal of the case to this Court, and the Amended Complaint. Thus, even with Ms. Burnett as a Defendant, this Court maintains original jurisdiction over this action by reason of diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1).

Third, Plaintiff's motion for joinder of Ms. Burnett as an additional party fails for the axiomatic reason that Plaintiff fraudulently joined Ms. Burnett with the sole purpose to defeat diversity jurisdiction. Plaintiff's only claim against her of tortious interference with business relationship is not cognizable under Connecticut State law in that it lacks two necessary requirements for any potential recovery against Ms. Burnett.

Plaintiff's Amended Complaint and motions for remand and joinder should be recognized for what they are – a naked attempt to defeat diversity jurisdiction. For the reasons detailed herein, this action should be restored to the procedural posture before Plaintiff's filings.

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Predrag Cicvara was an employee of Procter & Gamble in its Bethel, Connecticut office until his employment was terminated on June 15, 2009, for cause, for violating the Worldwide Business Conduct Manual. After his termination, Plaintiff attempted to exercise options to purchase common stock of Procter & Gamble. However, he was unable to do so because the options were cancelled as a result of his termination for cause.

Plaintiff filed the original Complaint in the Connecticut State Superior Court on November 17, 2009 (the "State Court Action"). (Docket Entry 1, Ex. 1). In the Complaint, he

asserted six counts against Procter & Gamble and the other corporate Defendants: "stock options," "unjust enrichment stock options," "severance package," "unjust enrichment severance package," "annual bonus," and "statutory payment of wage."

Procter & Gamble removed the State Court Action to this Court on December 19, 2009, on the grounds that this Court has original jurisdiction over this action by reason of diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1).  (Docket Entry 1).  In the Notice of Removal, Procter & Gamble sets forth the diversity of citizenship of all parties:  Plaintiff is a citizen of the State of Connecticut; The Procter and Gamble Company is a citizen of the State of Ohio; and The Gillette Company is a citizen of the Commonwealth of Massachusetts.  (*Id.* at ¶ 4). Defendants also clarified that "Duracell" is not an existing corporate entity, but rather a product brand.

Plaintiff filed his Amended Complaint as a matter of course on January 6, 2010.  (Docket Entry 14).  The Amended Complaint differs from the original Complaint in a few key respects. First, Lynne Burnett has now been added as an individual Defendant.  Plaintiff erroneously claims she is a citizen of Connecticut, and asserts the separate cause of action of tortious interference with business relationship against Ms. Burnett.  (*Id.* at ¶¶ 43-50).  Plaintiff also re-styled the counts against the corporate Defendants: breach of contract – stock options, unjust enrichment – stock options, breach of contract – severance package, unjust enrichment – severance package, breach of contract – annual bonus, unjust enrichment – annual bonus, and statutory payment of wages.  Claiming Ms. Burnett is a non-diverse party, Plaintiff also filed a motion to remand this action to the Connecticut State Superior Court and for joinder of Ms. Burnett as an additional party on January 6, 2010.  (Docket Entries 15, 16).

3

Defendant Burnett now moves to dismiss the sole count against her, as it fails to state a claim under Connecticut State law and correspondingly to be dismissed as a party in this case. All Defendants oppose the motion to remand and for joinder of Ms. Burnett as an additional party on the grounds that diversity of citizenship remains even if Ms. Burnett is added as an additional party, and that Plaintiff fraudulently joined her for the sole purpose of defeating diversity jurisdiction.

ARGUMENT

I.  PLAINTIFF'S CLAIM OF TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIP AGAINST LYNNE BURNETT FAILS TO ALLEGE FACTS SUFFICIENT TO ESTABLISH A VALID CLAIM IN THE AMENDED COMPLAINT

A plaintiff must allege factual allegations, rather than conclusory allegations, sufficient to state a claim to survive a motion to dismiss. Fed. R. Civ. P. 12(b)(6). The United States Supreme Court held in *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007), that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65. This rule was recently expanded upon in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), where the Supreme Court held that a court should upon a motion to dismiss first "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, *they must be supported by factual allegations*." *Id.* at 1940. (emphasis added). As such, this Court has held that a plaintiff must "amplify [his] claim with some factual allegations in those contexts were such amplification is needed to render the claim plausible," otherwise the claim should be dismissed. *Gooden v. State Dep't of Corr.*, 2009 U.S. Dist. LEXIS 68123, at *11 (D. Conn. Aug. 3, 2009) (quoting *Iqbal*); *Pinkston v. Conn.*, 2009 U.S. Dist. LEXIS 79601, at **2-4 (D. Conn. Sept. 2, 2009) (granting motion to dismiss).

Plaintiff's claim of tortious interference with business relationship in the Amended Complaint against Ms. Burnett fails for the reasons the Supreme Court articulated in *Iqbal* and *Twombly*. The claim is based upon conclusory allegations only, lacking the necessary, supporting allegations. It at most alleges Ms. Burnett conducted an internal investigation of Plaintiff; she met with Plaintiff and made unprofessional remarks, which evince negative

5

feelings towards him; and she intentionally and improperly terminated Plaintiff's employment because of her negative feelings towards him. (Am. Comp. ¶¶ 43-50).

To prevail on a tortious interference claim in the employment context, a plaintiff must allege facts as to five elements. The Connecticut State Supreme Court sets forth the first four elements that apply to all claims of tortious interference, regardless of whether it is in the employment context: (1) a contract or beneficial relationship exists; (2) defendant has knowledge of that relationship; (3) defendant intended to interfere with that relationship; and (4) plaintiff suffered an actual loss as a result of that interference. *Solomon v. Aberman*, 196 Conn. 359, 364-65, 493 A.2d 193 (1985); *Oski v. Fed. Express Corp.*, 2009 U.S. Dist. LEXIS 93998, at \*\*16-18 (D. Conn. Oct. 6, 2009). To adequately plead and establish the third element, "plaintiff must prove that defendants committed tortious conduct such as fraud, misrepresentation, intimidation or acted maliciously." *Oski*, 2009 U.S. Dist. LEXIS at \* 17 (citing *Solomon*, 196 Conn. at 365); *Rosado v. Potter*, 2007 U.S. Dist. LEXIS 277, at \*18-19 (D. Conn. Jan. 3, 2007). The Connecticut State Supreme Court makes an important distinction as to this element: "This malice is not necessarily ill will but rather an intentional interference without justification." *Daley v. Aetna Life and Casualty Co.*, 249 Conn. 766, 806, 734 A.2d 112 (1999) (internal quotations omitted).

The fifth, required element is specific to a claim that is directed against an agent-employee of the plaintiff's former employer: whether a defendant acted within the scope of their employment. The Connecticut Appellate Court explains the reasoning for the additional element:

> An agent acting legitimately within the scope of his authority
> cannot be held liable for interfering with or inducing his principal
> to breach a contract between his principal and a third party,
> because to hold him liable would be, in effect, to hold the

6

> corporation liable in tort for breaching its own contract … [the agent, however,] could be held liable for such interference or inducement if he did not act legitimately within his scope of duty but used the corporate power improperly for personal gain.

*Appleton v. Bd. of Educ.*, 53 Conn. App. 252, 267, 730 A.2d 88 (1999); *Oski*, 2009 U.S. Dist. LEXIS, at *17 (quoting *Appleton* and *Boulevard Assocs. v. Sovereign Hotels, Inc.*, 72 F.3d 1029, 1036 (2d Cir. 1995)); *Lawrence v. Harrington*, 2005 Conn. Super. LEXIS 1639, at **5-6 (Conn. Super. Ct. June 14, 2005).  It is therefore necessary to determine whether the individual defendant-employee acted within the scope of his employment.  To do so, courts consider whether the conduct "(1) occurs primarily within the employer's authorized time and space limits; (2) is the type that the employee is employed to perform; and (3) is motivated, at least in part, by a purpose to serve the employer." *Harp v. King*, 266 Conn. 747, 783, 835 A.2d 953 (2003).

      Plaintiff's claim against Ms. Burnett lacks two critical elements.  First, he fails to allege that Ms. Burnett's alleged conduct was motivated by anything beyond mere ill will towards him.  Plaintiff only claims that Ms. Burnett "conducted a meeting with the plaintiff where she made unprofessional, inappropriate and disparaging personal comments about plaintiff, which clearly evince she harbored negative personal feelings towards plaintiff."  (Am. Comp. ¶ 47).  This is insufficient to survive a motion to dismiss as a matter of law.  *Daley*, 249 Conn. at 806.

      The second fatal defect is that Plaintiff fails to allege – in any way – that Ms. Burnett acted outside the scope of her employment in engaging in any of the alleged conduct.  Plaintiff makes no, and can make no, allegation that the alleged conduct occurred: (1) outside Procter & Gamble's "time and space limits," (2) that it is the type of conduct Ms. Burnett was not hired to perform, or (3) that her conduct was motivated by a purpose other than "to serve [Procter & Gamble]."  *See Harp*, 266 Conn. at 786.  Rather, while assuming the allegations to be true, the

Amended Complaint actually confirms Ms. Burnett acted *within* the scope of her employment during the alleged conduct: it specifically states that she conducted an internal investigation of Plaintiff and met with Plaintiff in her capacity as a Procter and Gamble employee – nothing more.  (Am. Comp. ¶¶ 45, 46).  As such, Count Eight should be dismissed as a matter of law, and Ms. Burnett should be dismissed from the Amended Complaint as a party in this case.

II.     PLAINTIFF'S MOTION TO REMAND SHOULD BE DENIED BECAUSE DIVERSITY JURISDICTION REMAINS EVEN IF MS. BURNETT IS AN ADDED PARTY

Plaintiff fails in his attempt to defeat diversity jurisdiction by amending the Complaint to name Ms. Burnett as an individual defendant.  Ms. Burnett has been, and remains, a citizen of the State of Florida since the original Complaint was filed in state court.  Defendants have thus fulfilled the requirements for removal under diversity jurisdiction.

Federal courts have diversity jurisdiction over an action "where all plaintiffs are citizens of different states from all defendants." *Strawbridge v. Curtiss*, 7 U.S. 267, 2 L. Ed. 435 (1806); *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998).  An individual is considered a citizen of but one state for purposes of diversity jurisdiction, and the individual is deemed a citizen of the state of her "domicile."  *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 318 (U.S. 2006) (citing *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989)).  "Domicile is the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning."  *Johnson v. Smithsonian Inst.*, 4 Fed. Appx. 69, 70 (2d Cir. 2001) (internal citations omitted).  Indicia of an individual's domicile include the state the individual acquired his drivers' license, opened a bank account, registered to vote or paid taxes.  *Raynor v. Shock Doctor, Inc.*, 2009 U.S. Dist. LEXIS 10624, *5 (D. Conn. Feb. 11, 2009).

8

Ms. Burnett's domiciliary has been the State of Florida since January 2009.  (Burnett Aff. ¶¶ 2-6).  It is in Florida where Ms. Burnett owns her "fixed home and principal establishment."  (*Id.* at ¶ 2).  From this Florida home, she worked remotely and would commute to Connecticut when necessary.  (*Id.* at ¶ 3).  When she did commute to Connecticut, she would stay at a temporary residence, which is the address Plaintiff lists for her in the Certificate of Service of the Amended Complaint.  (*Id.* at ¶ 4).  The lease for this rented house expired in September 2008, after which Ms. Burnett rented the house on a month-to-month basis until September 2009.  (*Id.*).  After September 2009, Ms. Burnett would either stay with a friend in New York or in a hotel if she had to commute to Connecticut, and would then ultimately return to her "fixed home and principal establishment" in Florida.  (*Id.* at ¶ 5).  She is also registered to vote in Florida, and has a Florida-issued drivers' license.  (*Id.* at ¶ 6).  Ms. Burnett is thus indisputably a citizen of the State of Florida.  *See Johnson*, 4 Fed. Appx. at 70*; Raynor*, 2009 U.S. Dist. LEXIS at *5.

Accordingly, this Court had, and maintains, original jurisdiction over this action by reason of diversity of citizenship pursuant to 28 U.S. C. § 1332(a) at all the critical times: (1) when the original action was filed in state court on November 19, 2009; (2) when it was removed to federal court on December 19, 2009; and (3) even when the Amended Complaint was filed on January 6, 2010.  *Adrian Family Partners I, LP v. ExxonMobil Corp.*, 79 Fed. Appx. 489, 491 (2d Cir. 2003).  Thus, Defendants have met their burden showing that the requirements for removal have been met, and Plaintiff raises no other argument as to why this action should be remanded other than his erroneous assumption that Ms. Burnett is a citizen of Connecticut.

### III.  PLAINTIFF FRAUDULENTLY JOINED MS. BURNETT TO DEFEAT DIVERSITY JURISDICTION AND ASSERTED A CAUSE OF ACTION AGAINST HER WITH NO POSSIBILITY OF SUCCESS AND HIS MOTION FOR JOINDER SHOULD THEREFORE BE DENIED

The sole cause of action Plaintiff asserts against Ms. Burnett is Count Eight, tortious interference with a business relationship.  No possibility exists that Plaintiff could successfully state this claim in any Connecticut State court.  Accordingly, because Plaintiff fraudulently joined Ms. Burnett to defeat diversity jurisdiction, his motion should be denied.

The doctrine of fraudulent joinder is designed to prevent the tactic of plaintiffs "in an effort to defeat federal jurisdiction, join non-diverse defendants against whom they have no real claims." *Briarpatch Ltd., L.P v. Phoenix Pictures, Inc.*, 373 F.3d 296, 302 (2d Cir. 2004).  Fraudulent joinder exists where there is clear and convincing evidence that "there has been outright fraud committed in the plaintiff's pleadings, or that there is no possibility, based on the pleadings, that a plaintiff can state a cause of action against the [fraudulently joined] defendant in state court." *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998).  In applying the latter ground for fraudulent joinder, "federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law." *Deming v. Nationwide Mutual Ins. Co.*, 2004 U.S. Dist. LEXIS 2396, at *4 (D. Conn. Feb. 14, 2004).  Stated another way, "joinder will be considered fraudulent when it is established that there can be no recovery against the defendants under the law of the state on the cause alleged." *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 207 (2d Cir. 2001).

Plaintiff's claim of tortious interference with a business relationship against Ms. Burnett is not "an arguable one under [Connecticut] [S]tate law." *See Deming*, 2004 U.S. Dist. LEXIS at *4.  As discussed above, the Connecticut State Supreme Court does not recognize such a claim when it is directed against an agent acting within the scope of her employment. *See Appleton*, 53

10

Conn. App. at 267; *supra* at Point I, pp. 6-7.  The Amended Complaint is devoid of any allegation – even when construing it as broadly as possible – that Ms. Burnett acted outside the scope of her employment in engaging in the alleged conduct.  The absence of such allegations is fatal to Plaintiff's claim.

Additionally, the Amended Complaint fails to allege the critical element that Ms. Burnett's alleged conduct constitutes "fraud, misrepresentation, intimidation or [that she] acted maliciously."  *See Solomon*, 196 Conn. at 365; *supra* at Point I, p. 6.  Even giving the Amended Complaint the most generous reading, Plaintiff has only alleged that Ms. Burnett acted out of ill will.  This is insufficient as a matter of law to state a viable claim.  *See Daley*, 249 Conn. at 806; *supra* at Point I, p. 6.  As such, no possibility exists that "based on the pleadings" Plaintiff can state this cause of action against Ms. Burnett in Connecticut State court.  *See Pampillonia*, 138 F.3d at 461.

As Count Eight is the only cause of action directed against Ms. Burnett, Plaintiff's motion for joinder of an additional party should be denied.

11

CONCLUSION

For the foregoing reasons, Defendant Burnett respectfully requests that the Court dismiss the Eighth Count and Ms. Burnett as a party from the Amended Complaint in its entirety, all Defendants request that the Court deny Plaintiff's motion for joinder and to remand this matter to state court, and award such other and further relief as the Court deems appropriate.

Dated this 22nd day of January, 2010, at New York, New York.

                                      Respectfully submitted,
                                      SEYFARTH SHAW LLP


                                      By: /s/ Richard I. Scharlat
                                            Edward Cerasia II (ct 13096)
                                            Richard I. Scharlat (ct 23641)
                                      620 Eighth Avenue, 32nd floor
                                      New York, New York 10018
                                      (212) 218-5500
                                      rscharlat@seyfarth.com
                                      Attorneys for Defendants The Procter & Gamble
                                      Company, The Gillette Company and
                                      Lynne Burnett