# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------------------------------------x
:
PREDRAG CICVARA, : Civil Action No.3:09-cv-2054
: (JCH) (HF)
    Plaintiff, :
:
  v. : February 8, 2010
:
THE GILLETTE COMPANY and PROCTER & :
GAMBLE COMPANY, INC, DURACELL, AN ENTITY :
OF UNKNOWN FORM, and LYNNE BURNETT, :
:
    Defendants. :
:
:
---------------------------------------------------------------------------------x

### PLAINTIFF'S CICVARA'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COUNT EIGHT TO THE AMENDED COMPLAINT

Michael E. Skiber, Esq.
The Law Office of Michael E. Skiber, LLC
Federal Bar No. ct27935
135 Elm Street, Bridgeport, CT 06604
(203) 615-0090

Attorney for the Plaintiff Predrag Cicvara

TABLE OF CONTENTS

TABLE OF AUTHORITIES………………………………………………………………………3

BRIEF STATEMENT OF THE FACTS……………………………………………………...4

ARGUMENT……………………………………………………………………………………6

    I.       MR. CICVARA'S CLAIM OF TORTIOUS INTERFERENCE
            WITH A BUSINESS RELATIONSHIP AGAINST LYNNE
            BURNETT IS SUFFICIENT TO ESTABLISH A VALID CLAIM
            UNDER THE PLAUSIBILITY STANDARD UNDER
            BELL ATLANTIC V. TWOMBLY…………………………………………….6

    II.      MR. CICVARA PROPERLY JOINED DEFENDANT LYNNE
            BURNETT FOR TORTIOUS INTERFERENCE WITH A
            BUSINESS RELATIONSHIP AND IS ENTITLED TO BRING
            THAT CLAIM IN THIS COURT…………………………………………....11

CONCLUSION………………………………………………………………………………12

# TABLE OF AUTHORITIES

**FEDERAL CASES**

*Bell Atlantic v. Twombly*, 550 U.S. 544 (2007)……………………………………………6, 7

*Bennett v. Beiersdorf, Inc.*, 889 F.Supp. 46 (D. Conn. 1995)…………………………………..9

*Bolt Elec., Inc. v.City of New York*, 53 F.3d 465, 469 (2d Cir. 1995).........................................6

*Freedom Holdings, Inc. v. Spitzer,* 357 F.3d 205, 216 (2d Cir.2004)……………………….. 6

**STATE CASES**

*Appleton v. Board of Education*, 254 Conn. 205, 212-13, 757 A.2d 1059 (2000)……………..7

*Bradkin v. Leverton*, 32 A.D.2d 1057, 1058 (N.Y. 1969)……………………………………9

*Harp v. King*, 266 Conn. 747, 782-83 (2003)…………………………………………………...8

*Metcoff v. Lebovics*, 2008 WL 707311 (Conn.Super.), 45 Conn. L. Rptr. 81 (2008)…………..9

*Murray v. Bridgeport Hospital*, 40 Conn.Supp. 56, 60-61 (1984)……………………….......9

*Savage v. Andoh*, 2008 WL 1914630 (Conn.Super.), 45 Conn. L. Rptr. 493 (2008)…………..8

**FEDERAL RULES OF CIVIL PROCEDURE**

Fed. R. Civ. P. 8…………………………………………………………………………………..6

Fed. R. Civ. P. 12………………………………………………………………………………….6

Fed. R. Civ. P. 84………………………………………………………………………………….6

Fed. R. Civ. P. form 11……………………………………………………………………………7

**BRIEF STATEMENT OF THE FACTS**

Predrag Cicvara was an employee of Procter & Gamble, the Gillette Company and Duracell working out of the Bethel, Connecticut office for approximately a decade and earned a substantial amount of stock options, which had been completely vested for more than four years at the time of his termination. On June 15, 2009 Mr. Cicvara was terminated for cause after a fifteen minute meeting at Duracell Headquarters in Bethel, CT with defendant Lynne Burnett for allegedly violating the so-called Worldwide Business Conduct manual.

Importantly, Ms. Burnett failed to ask Mr. Cicvara for his version of the events that took place concerning his termination, and upon information and belief never considered Mr. Cicvara's claims. Instead, during this meeting with Mr. Cicvara, Ms. Burnett visibly and verbally expressed distaste for Mr. Cicvara. As a result, Mr. Cicvara was terminated for cause, resulting in substantial damages including, but not limited to, loss of job, loss of benefits including stock options and bonus, tarnished business reputation in the industry, and a complete collapse of his family life. To date Mr. Cicvara remains unemployed.

Mr. Cicvara filed the original Complaint in the Connecticut Superior Court on November 17, 2009. Procter & Gamble, the Gillette Company and Duracell removed the State Court Action to this Court on December 19, 2009 pursuant to 28 U.S.C. § 1332(a)(1) for diversity of citizenship. Upon further investigation, Mr. Cicvara filed an Amended Complaint on January 6, 2010, adding defendant Lynne Burnett for tortious interference with a business relationship in addition to the original counts filed against Procter & Gamble, the Gillette Company and Duracell related to his termination.

Defendant presently moves to dismiss pursuant to Rule 12(b)(6) of the Federal Civil Rules of Procedure.

**ARGUMENT**

I.  MR. CICVARA'S CLAIM OF TORTIOUS INTERFERENCE WITH A BUSINESS RELATIONSHIP AGAINST LYNNE BURNETT IS SUFFICIENT TO ESTABLISH A VALID CLAIM UNDER THE PLAUSIBILITY STANDARD SET FORTH IN BELL ATLANTIC V. TWOMBLY.

Defendant Lynne Burnett moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Count EIGHT of the Amended Complaint for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). "When deciding a 12(b)(6) motion, the Court must take as true the facts as alleged in plaintiff's complaint." *Bolt Elec., Inc. v.City of New York*, 53 F.3d 465, 469 (2d Cir. 1995). Moreover, reasonable inferences must be drawn in the plaintiff's favor. *Freedom Holdings, Inc. v. Spitzer,* 357 F.3d 205, 216 (2d Cir.2004). A 12(b)(6) motion will fail where the plaintiff pleads "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). The defendant's 12(b)(6) motion should be denied because Ms. Burnett's claim asserts factual support to satisfy the essential elements of toritous interference with a business relationship.

The Federal Rules of Civil Procedure require only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. R. 8(1)(2). In *Bell Atlantic v. Twombly*, the Supreme Court affirmed that "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." *Twombly,* 550 U.S. at 555. The Defendant contends that the decision in *Twombly* heightened the pleading standard, however the Court explicitly rejected this argument in stating, "we do not require heightened fact pleading of specifics." *Id.* at 564 n.8. The Court in *Twombly* merely articulated that "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555. Moreover, the Federal Rules offer guidance as to what type of factual allegations would be sufficient to state a claim in the Appendix of Forms. Fed. R. Civ. P. 84 ("The forms in the Appendix suffice under

these rules and illustrate the simplicity and brevity that these rules contemplate."). Form 11, for example, reads "On date, at place, the defendant negligently drove a motor vehicle against the plaintiff." Fed. R. Civ. P. form 11. The defendant's argument that a complaint cannot rely on legal conclusions is inconsistent with the Federal Rules of Civil Procedure.

The complaint alleges that Ms. Burnett conducted an internal investigation of Mr. Cicvara where she made unprofessional remarks that evinced negative feelings toward him and failed to consider claims made by Mr. Cicvara. These actions led to Mr. Cicvara's termination for cause resulting in severe damages. For the following reasons, Mr. Cicvara's complaint alleges facts which create sufficient plausibility that he is entitled to relief pursuant to tortious interference with a business relationship as required by the pleading standard set forth in *Twombly*. 550 U.S. 544.

To prevail on a claim for tortious interference with a business relationship the plaintiff must show the following elements: "1) the existence of a contractual or beneficial relationship, 2) the defendants' knowledge of that relationship, 3) the defendants' intent to interfere with the relationship, 4) the interference was tortious, and 5) a loss suffered by the plaintiff that was caused by the defendants' tortious conduct." *Appleton v. Board of Education*, 254 Conn. 205, 212-13, 757 A.2d 1059 (2000). An additional element applies in this case.

> The general rule is that the agent may not be charged with having interfered with a contract of the agent's principal. An agent acting legitimately within the scope if his authority cannot be held liable for interfering with or inducing his principal to breach a contract between his principal and a third party . . . [the agent, however] could be held liable for such interference or inducement if he did not act legitimately within his scope of duty but used the corporate power improperly for personal gain." (Citations omitted; internal quotations omitted) *Appleton v. Board of Education*, 53 Conn.App. 252, 267 (1999), rev'd in part on other grounds, 254 Conn. 505, 757 A.2d 1059 (2000).

First, there was a contractual relationship between Mr. Cicvara and Procter & Gamble, the Gillette Company and Duracell, Ms. Burnett knew about the contract, and she tortiously and intentionally interfered with that contract when she made the decision to terminate Mr. Cicvara for cause without proper investigation of the allegations against him. Mr. Cicvara suffered considerable damages as a result.

Moreover, Ms. Burnett was acting outside of the scope of her employment when she terminated Mr. Cicvara for cause. Determining whether the defendant's conduct is within the scope of their employment is not controlled by whether Ms. Burnett received personal benefit from her conduct, but "whether the agent's conduct is beyond any fair description of the agent's legitimate responsibilities and whether the agent's conduct is inimical to the principal's interests or both." *Metcoff v. Lebovics*, 2008 WL 707311 (Conn.Super.), 45 Conn. L. Rptr. 81 (2008). Courts generally consider whether the agent's conduct "(1) occurs primarily within the employer's authorized time and space limits; (2) is of the type that the employee is employed to perform; and (3) is motivated, at least in part, by a purpose to serve the employer." *Harp v. King*, 266 Conn. 747, 782-83 (2003). "Ordinarily, it is a question of fact as to whether a willful tort of the servant has occurred within the scope of the servant's employment." *Id.* In *Savage v. Andoh*, 2008 WL 1914630 (Conn.Super.), 45 Conn. L. Rptr. 493 (2008), the court held that the chair of the plaintiffs department who allegedly made improper and false statements and reports about her performance was not acting within the scope of his employment. *Id.* at *6.

In this case, there is an asymmetry of information. Currently, it cannot be known whether Ms. Burnett's improper statements were false, however, one could reasonably presume that the failure of Ms. Burnett to conduct a proper investigation in failing to inquire about Mr. Cicvara's version of the events that took place leading up to the interview, in addition to her making of

8

unprofessional comments during the investigation, is suggestive that Ms. Burnett's conduct fell outside of the authorized scope of her employment, as well as contrary to the interests of her principal Procter and Gamble, the Gillette Company and Duracell.

Moreover, the test is whether the agent "did not act legitimately within his scope of duty *but* [instead] used the corporate power improperly for personal gain." *Murray v. Bridgeport Hospital*, 40 Conn.Supp. 56, 60-61 (1984)(emphasis added). This Court has stated that "[a]n agent may be said to be acting for 'personal gain' if she seeks personal financial gain, or if she is motivated by personal animus." *Bennett v. Beiersdorf, Inc.*, 889 F.Supp. 46, 52 (D. Conn. 1995). In *Bennett*, this Court further noted that "tort liability should be swiftly imposed whenever an officer, director, employee or stockholder induces a breach of contract for private benefit or to satisfy personal feelings against a third party." (*citing Murray*, 40 Conn.Supp. at 61)(*citing Bradkin v. Leverton*, 32 A.D.2d 1057, 1058 (N.Y. 1969). This Court held that because the ill-feelings toward the plaintiff were not alleged in the complaint, the defendant's motion to dismiss was granted. *Bennett*, 889 F.Supp. at 52. Ms. Burnett is both an employee and stockholder who interfered with Mr. Cicvara's contract with Proctor and Gamble to satisfy her personal feelings against him. Lastly, it cannot be said at this point whether Ms. Burnett was in compliance with company policies related to the situation in which she put Mr. Cicvara. There has not been any discovery performed, which will undoubtedly include work product produced by Ms. Burnett and others responsible for the wrongful termination for cause of Mr. Cicvara. As this was alleged in the complaint, this Court should deny the defendant's motion to dismiss for failure to state a claim.

II. MR. CICVARA PROPERLY JOINED DEFENDANT LYNNE BURNETT FOR TORTIOUS INTERFERENCE WITH A BUSINESS RELATIONSHIP AND IS ENTITLED TO ASSERT THAT CLAIM IN THIS COURT.

As contended in Argument § I, Mr. Cicvara has a valid claim against defendant Lynne Burnett. It is the Plaintiff's position that upon further discovery and due diligence, facts that can currently only be known to the Defendant will further establish that Mr. Cicvara was wrongfully terminated "for cause" by Ms. Burnett because of her personal animus toward him and so that the company could relinquish the benefits he would receive if he had been fired without cause.

## CONCLUSION

For the foregoing reasons, Predrag Cicvara respectfully requests that this Court deny Defendant Lynne Burnett's motion to dismiss the Eighth Count of the Amended Complaint.

    Respectfully submitted,

    /s/ Michael E. Skiber. Esq._____
    Michael E. Skiber, Esq.
    The Law Office of Michael E. Skiber, LLC
    Federal Bar No. ct27935
    135 Elm Street, Bridgeport, CT 06604
    (203) 615-0090

    Attorney for the Plaintiff Predrag Cicvara