UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------------------------------x
:
PREDRAG CICVARA,                                        : Civil Action No.3:09-cv-2054
                                                        :(JCH)
       Plaintiff,                                       :
                                                        :
       v.                                               : JUNE  15, 2010
                                                        :
THE GILLETTE COMPANY and PROCTER &                      : **PLAINTIFF'S MOTION TO**
                                                        : **COMPEL DISCOVERY AND**
GAMBLE COMPANY, INC, DURACELL, AN ENTITY                : **SUPPORTING MEMORANDUM**
OF UNKNOWN FORM, and LYNNE BURNETT,                     :
                                                        :
       Defendants.                                      :
                                                        :
---------------------------------------------------------------------------x

      Pursuant to Fed. R. Civ. P. 37 and D. Conn. L. Civ. R. 37, the plaintiff moves to compel Defendants The Gillette Company ("Gillette"), Procter & Gamble Company, Inc. (P&G), Duracell, an entity of unknown form ("Duracell") and Lynne Burnett ("Burnett"), collectively ("Defendants") to produce responsive documents to Requests For Production 2,7 14-21, 23, 27-31, 33-34, 36-39.  The Plaintiff sent Requests For Production and Interrogatories on April 19, 2010 and the Defendants objected to the aforementioned Requests and Interrogatories.

      Moreover, pursuant to a Rule 37 conference on June 7, 2010, Defendants were unwavering in its objections. Accordingly, the instant motion to compel is necessary for Plaintiff to obtain discovery he is entitled to under the FRCP.

**I.    CONCISE STATEMENT OF THE CASE**

      Predrag Cicvara was an employee of Procter & Gamble, the Gillette Company and

**ORAL ARGUMENT REQUESTED**
**TESTIMONY NOT REQUIRED**

Duracell working out of the Bethel, Connecticut office for approximately a decade where he earned a substantial amount of stock options, which had been completely vested for more than four years at the time of his termination. On June 15, 2009 Mr. Cicvara was terminated allegedly for cause after a fifteen minute meeting with defendant Lynne Burnett for allegedly violating the so-called Worldwide Business Conduct manual.

Importantly, Ms. Burnett failed to ask Mr. Cicvara for his version of the events that took place concerning his termination, upon information and belief never investigated Mr. Cicvara's claims. Instead, during this meeting with Mr. Cicvara, Ms. Burnett visibly and verbally expressed distaste for Mr. Cicvara. As a result, Mr. Cicvara was terminated allegedly for cause, resulting in substantial damages including, but not limited to, loss of job, loss of benefits including stock options and bonus, tarnished business reputation in the industry, and a complete collapse of his family life. To date Mr. Cicvara remains unemployed.

Mr. Cicvara filed the original Complaint in the Connecticut Superior Court on November 17, 2009. Procter & Gamble, the Gillette Company and Duracell removed the State Court Action to this Court on December 19, 2009 pursuant to 28 U.S.C. § 1332(a)(1) for diversity of citizenship. Upon further investigation, Mr. Cicvara filed an Amended Complaint on January 6, 2010 adding defendant Lynne Burnett for tortious interference with a business relationship in addition to the original counts filed against Procter & Gamble, the Gillette Company and Duracell.

The parties commenced Discovery on April 1, 2010 and Plaintiff filed both a Request for Production of Documents and Interrogatories (See Exhibit A) in or about April 19, 2010.  In or

about May 29, 2010, about a week after the prescribed date of production, Plaintiff obtained Defendants' materials.

Upon review of Defendants' production of documents and review of its responses, Plaintiff took note that Defendants objected to each and every request, for various reasons, but did provide some materials, albeit limited, which for the most part support Defendants' position.

In or about June 7, 2010, Plaintiff and Defendant conducted a Rule 37 conference. Unfortunately, the parties were unable to make progress concerning Plaintiff's Request for Production and Interrogatories. Plaintiff pointed out to Defendant certain documents that were known to be in existence and relevant to the instant action that were not disclosed. However, Defendants disagreed with Plaintiff's assessment. Accordingly, Plaintiff files this Motion to Compel for documents as an absolute right to discover under the FRCP.

## II.     GOVERNING LEGAL PRINCIPLES

> In General. Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party…… For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(a); *See* In Re Madden, 151 F.3d 125, 138 (3rd Cir.) (Pretrial discovery is…. 'accorded a broad and liberal treatment.'") (*citing* Hickman v. Taylor, 329 U.S. 495, 507 (1947)); *see also* Wright, Miller & Marcus, Federal Practice & Procedure, Civil 2d. § 2007 ("The rule does allow broad scope to discovery and this has been well recognized by the courts.")

The documents sought herein are directly relevant to the core issues of this case, and fall well within the liberally defined broad boundaries applicable to discovery.

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST 2:** The employer's personnel manuals, memoranda and written policies electronic or otherwise concerning employment, performance and discharges.
**RESPONSE** Defendants' objection relies on the grounds that the Plaintiff's request is over broad, unduly burdensome, vague and ambiguous. Plaintiff's request is clear on its face. Plaintiff is seeking company manuals concerning Defendants' policies, procedures and practices in making personnel decisions, which goes to the heart of plaintiff's allegations against Defendants.

**REQUEST 7:** Any and all Documents and Communication, including, but not limited to, any audio tape recordings, email messages, SMS and MMS text messages, phone records, concerning any Communication between Plaintiff, Bel Liu and/or Practical.

**RESPONSE:** Defendants objection relies on the grounds that Plaintiff's request is over broad, vague and ambiguous.

Defendants has clearly picked and chosen what to produce to Plaintiff. Plaintiff and Defendants are well aware that there was a significant business and personal relationships between Bel Liu, Plaintiff, Defendants and its employees. Peculiarly, Defendants have chosen only materials it deems supportive of its position for disclosure. (See Exhibit B PG000477 – PG000483), which includes emails from Practical to Defendants more than ten days after Plaintiff was terminated) Plaintiff further represents that there are multiple exculpatory emails that have not been disclosed to Plaintiff by Defendants, which time frame and custodian Plaintiff has identified.

**REQUEST** 14: Any and all Documents and Communication generated during the investigation involving the alleged affair between Mani Parma and Ana Cardinale.

**RESPONSE:** Defendants objection relies on the grounds that Plaintiff's request is overly broad, vague and ambiguous.

Plaintiff contends the production of information is relevant to the instant action since the investigation made allegations of discrimination against Plaintiff and was conducted by the same personnel who ultimately decided to terminate plaintiff and cancel his stock options. Plaintiff further alleges that there was significant documentation provided by him to Defendants during the so-calleed investigation in 2007 that was not disclosed to Plaintiff in its First Request for Documents, including but not limited to sametime messages and emails.

Plaintiff also points out that Defendants produced a memo and notes on point with the instant action, which downplays and reprimands Plaintiff for coming forward with accusations of sexual discrimination. Moreover, Plaintiff was told by P&G counsel that Plaintiff was accused of inappropriate sexual harassment related to this Request, which fact Plaintiff must be able to fully investigate.

Plaintiff also represents that the investigation related to the instant request was performed by Peggy Wilczewski and Defendant Lynne Burnett who is the subject of a claim for tortious interference with a contractual relationship and has showed a clear penchant for harboring ill will towards the Plaintiff . (See Exhibit C, PG000498 through PG000501). Also, Lynn Burnett conducted a so-called meeting with the Plaintiff and both she and Wilsczewski were involved in the decision to terminate Plaintiff and divest him of his vested stock options.

Finally, Plaintiff must be able to discover materials relevant to the instant request because it promotes an important public policy issue that Plaintiff requires to file amended complaint in good faith. Plaintiff represents that he was prevented from obtaining a promotion and ultimately terminated at least in part as a result of the sexual discrimination by Defendants, which facts can

reasonably be inferred from materials provided by Defendants (See Exhibit D, PG000390 – PG000470 and PG000001 – PG000009).

**REQUEST** 15:  Any and all Documents and Communication between Mani Parmar and Ana Cardinale from January 1, 2000 to present related to a personal relationship.
**RESPONSE:**  Defendants objection relies on the grounds that Plaintiff's request is overly broad, vague and ambiguous.

Plaintiff contends the production of information is relevant to the instant action since the investigation made allegations of discrimination against Plaintiff and was conducted by the same personnel who ultimately decided to terminate plaintiff and cancel his stock options.  Plaintiff further alleges that there was significant documentation provided by him to Defendants during the so-calleed investigation in 2007 that was not disclosed to Plaintiff in its First Request for Documents, including but not limited to sametime messages and emails.

Plaintiff also points out that Defendants produced a memo and notes on point with the instant action, which downplays and reprimands Plaintiff for coming forward with accusations of sexual discrimination.  Moreover, Plaintiff was told by P&G counsel, Sue Brock that Plaintiff himself was accused of inappropriate sexual harassment related to this Request, which fact Plaintiff must be able to fully investigate.

Plaintiff also represents that the investigation related to the instant request was performed by Peggy Wilczewski and Defendant Lynne Burnett who is the subject of a claim for tortious interference with a contractual relationship and has showed a clear penchant for harboring ill will towards the Plaintiff .  (See Exhibit C, PG000498 through PG000501)..  Also, Lynn Burnett conducted a so-called meeting with the Plaintiff and both she and Wilsczewski were involved in the decision to terminate Plaintiff and divest him of his vested stock options.

Finally, Plaintiff must be able to discover materials relevant to the instant request because it promotes an important public policy issue that Plaintiff requires to file amended complaint in good faith.  Plaintiff represents that he was prevented from obtaining a promotion and ultimately terminated at least in part as a result of the sexual discrimination by Defendants, which facts can reasonably be inferred from materials provided by Defendants (See Exhibit D, PG000390 – PG000470 and PG000001 – PG000009).

**REQUEST** 16:  Any and all Documents and Communication between Mani Parmar and Ana Cardinale from January 1, 2000 to present related to the Plaintiff.
**RESPONSE:** Defendants objection relies on the grounds that Plaintiff's request is overly broad, vague and ambiguous.

Plaintiff contends the production of information is relevant to the instant action since the investigation made allegations of discrimination against Plaintiff and was conducted by the same personnel who ultimately decided to terminate plaintiff and cancel his stock options.  Plaintiff further alleges that there was significant documentation provided by him to Defendants during the so-calleed investigation in 2007 that was not disclosed to Plaintiff in its First Request for Documents, including but not limited to sametime messages and emails.

Plaintiff also points out that Defendants produced a memo and notes on point with the instant action, which downplays and reprimands Plaintiff for coming forward with accusations of sexual discrimination.  Moreover, Plaintiff was told by P&G counsel that Plaintiff was accused of inappropriate sexual harassment related to this Request, which fact Plaintiff must be able to fully investigate.

Plaintiff also represents that the investigation related to the instant request was performed by Peggy Wilczewski and Defendant Lynne Burnett who is the subject of a claim for tortious interference with a contractual relationship and has showed a clear penchant for harboring ill will

towards the Plaintiff.  Also, Lynn Burnett conducted a so-called meeting with the Plaintiff and both she and Wilsczewski were involved in the decision to terminate Plaintiff and divest him of his vested stock options.

Finally, Plaintiff must be able to discover materials relevant to the instant request because it promotes an important public policy issue that Plaintiff requires to file amended complaint in good faith.  Plaintiff represents that he was prevented from obtaining a promotion and ultimately terminated at least in part as a result of the sexual discrimination by Defendants, which facts can reasonably be inferred from materials provided by Defendants (See Exhibit D, PG000390 – PG000470 and PG000001 – PG000009).

**REQUEST 17:**  Any and all Documents and Communication generated by Defendants, including but not limited to Rob Dapra and Mark Bertolami concerning an Original Equipment Manufacturer aka "OEM" irregularity and the illegal sales of Duracell's batteries from Hong Kong to Latin America.

**RESPONSE:**  Defendants objection is based on the grounds that Plaintiff's request is overly broad unduly burdensome, and purports to request documents that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to discovery of admissible documents.

The Defendants' conduct here purports to demonstrate its continued disdain for Plaintiff and sought to squash Plaintiff from performing a vital function per his job description and the Defendants' Conduct Manual and promoting an important public policy function in preventing fraud.  Plaintiff represents he was immediately precluded from further investigating obvious illegal activity upon disclosing said information.

Lastly, Plaintiff must be able to discover materials relevant to the instant request because it relates to the termination of Plaintiff as well as promoting an important public policy issue , which Plaintiff requires to file amended complaint in good faith.

**REQUEST 18:**  Any and all Documents and Communication generated by Rob Dapra related to the Plaintiff.

**RESPONSE:**  Defendants objection is based on the grounds that Plaintiff's request is overly broad unduly burdensome, and purports to request documents that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to discovery of admissible documents.

The Defendants' conduct here purports to demonstrate its continued disdain for Plaintiff and sought to squash Plaintiff from performing a vital function per his job description and the Defendants' Conduct Manual and promoting an important public policy function in preventing fraud.  Plaintiff represents he was immediately precluded from further investigating obvious illegal activity upon disclosing said information.

Plaintiff must also be able to discover materials relevant to the instant request because it relates to the termination of Plaintiff as well as promoting an important public policy issue, which Plaintiff requires to file amended complaint in good faith.

**REQUEST** 19:  Any and all Documents and Communication generated by Mark Bertolami related to the Plaintiff.
**RESPONSE:**  Defendants objection is based on the grounds that Plaintiff's request is overly broad unduly burdensome, and purports to request documents that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to discovery of admissible documents.

Mark Bertolami, the CEO of Duracell had direct decision making authority in a number of circumstances related to Plaintiff and in each one, Plaintiff was ruled against, including the affair

between Mani Parma and Ana Cardinale and OEM irregularity uncovered by Plaintiff.  Plaintiff represents that Mr. Bertolami had a significant impact in each of these incidents, which clearly is relevant to the instant case and/or will lead to relevant evidence applicable to the instant case.

**REQUEST 20**:  Any and all Documents and Communication generated by Lynne Burnett related to the termination of Plaintiff.
**RESPONSE:**  Defendants objection is based on the grounds that Plaintiff's request is overly broad, vague, ambiguous and violates the attorney-client privilege.

**RESPONSE:**  Defendants admit Ms. Burnett, a party to the instant action, was responsible for investigating the allegations related to Mani Parma and Ana Cardinale as well as conducting the termination meeting some two years later where she made several remarks that clearly demonstrated she harbored ill will towards the Plaintiff that is documented in Documents provided by Defendants.  Plaintiff contends said Documents and Communication will further bolster its allegations that Ms. Burnett harbored said ill will towards the Plaintiff.  Accordingly, Documents and Communication generated by Burnett are relevant to the instant action or likely to lead to relevant evidence.

**REQUEST 21**:  Any and all Documents and Communication generated by Defendants related to the termination of Plaintiff.
**RESPONSE:**  Plaintiff agrees that the above request was overly broad unduly burdensome, and purports to request documents that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to discovery of admissible documents notwithstanding the fact, Plaintiff asked more direct and focused Requests that were deemed overly broad unduly burdensome, and purports to request documents that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to discovery of admissible documents by Defendants.

**REQUEST 22**:  Any and all Documents and Communication generated by Defendants related to the cancellation of Plaintiff's stock options.

**RESPONSE:**  Plaintiff agrees that the above request was overly broad unduly burdensome, and purports to request documents that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to discovery of admissible documents notwithstanding the fact, Plaintiff asked more direct and focused Requests that were deemed overly broad unduly burdensome, and purports to request documents that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to discovery of admissible documents by Defendants.

**REQUEST 23:**  Any and all Documents and Communication received or generated by Lynne Burnett related to the Plaintiff.

**RESPONSE:**   Defendants objection is based on the grounds that Plaintiff's request is overly broad unduly burdensome, and purports to request documents that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to discovery of admissible documents.

   Plaintiff alleges that Ms. Burnett in her short tenure as an employee of Defendants (2 years) was responsible for several important decisions regarding Plaintiff, including but not limited to his allegations of discrimination and his termination, allegedly for cause.  Moreover, she made several comments that clearly indicates she harbored ill will towards Plaintiff while conducting a so-called investigation into allegations against Plaintiff.  (See Exhibit C, PG000498 through PG000501).  Accordingly, without question, Documents and Communication generated by Defendant Burnett concerning Plaintiff is extremely relevant to the instant action and/or likely to produce relevant evidence.

**REQUEST 27:**  Any contracts, agreements and understandings related to the business relationship of Practical Flashlight Company ("Practical") and Defendants.

**RESPONSE:** Defendants objection is based on the grounds that Plaintiff's request is overly broad, unduly burdensome, vague, ambiguous, purports to seek Defendants' proprietary business information, and purports to request documents that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff contends the Request goes to the heart of the matter. Pursuant to its Stock Options Agreement, Defendants' claim among other things that Plaintiff's conduct was materially injurious to the Defendants' business with Practical. Accordingly, information regarding Defendants' business agreements is extremely relevant to the instant action and/or likely to lead to relevant evidence.

**REQUEST 28:** Any Documents related to the production of flashlights provided by Practical from January 2005 to present.

**RESPONSE:** Defendants objection is based on the grounds that Plaintiff's request is overly broad, unduly burdensome, vague, ambiguous, purports to seek Defendants' proprietary business information, and purports to request documents that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff contends the Request goes to the heart of the matter. Pursuant to its Stock Options Agreement, Defendants' claim among other things that Plaintiff's conduct was materially injurious to the Defendants' business with Practical Flashlights, the employer of Bel Liu. Accordingly, information regarding Defendants' business agreements is extremely relevant to the instant action and/or likely to lead to relevant evidence.

**REQUEST 29:** Any and all Communication and Documents from Practical to Defendants from January 1, 2009 to present.

**RESPONSE:** Defendants objection is based on the grounds that Plaintiff's request is overly broad, unduly burdensome, vague, ambiguous, purports to seek Defendants' proprietary business

information, and purports to request documents that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff contends the Request goes to the heart of the matter.  Pursuant to its Stock Options Agreement, Defendants' claim among other things that Plaintiff's conduct was materially injurious to the Defendants' business with Practical Flashlights, the employer of Bel Liu.  Accordingly, information regarding Defendants' business agreements is extremely relevant to the instant action and/or likely to lead to relevant evidence.

**REQUEST 30:**  Any and all Documents and/or Communication sent to or from Practical and Defendants regarding the instant action.

Plaintiff agrees that the above request was overly broad unduly burdensome, and purports to request documents that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to discovery of admissible documents notwithstanding the fact, Plaintiff asked more direct and focused Requests that were deemed overly broad unduly burdensome, and purports to request documents that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to discovery of admissible documents by Defendants.

**REQUEST 31:**  Any and all Documents or Communication regarding the rejection of flashlight shipment(s) from Practical manufacturing locations to Defendants warehouse in May/June/July 2009.

**RESPONSE:**  Defendants objection is based on the grounds that Plaintiff's request is overly broad, vague, ambiguous, and purports to request documents that are neither relevant to the subject matter of the litigation nor reasonably calculated to lead to discovery of admissible evidence.

Plaintiff contends the Request goes to the heart of the instant action.  Plaintiff contends that on the day prior to the alleged conduct, which lead to his termination for cause and cancellation of his vested stock options, Plaintiff personally rejected an ENTIRE shipment of flashlights

produced by Practical Flashlights, the employer of Bel Liu, the woman who has made allegations against Plaintiff, which allegations Plaintiff believes in part lead to Plaintiff's termination and divesture of vested stock options.  Accordingly, Plaintiff's Request is extremely relevant to the instant action and/or likely to lead to relevant evidence.

**REQUEST** 33:  Any and all Documents and Communications regarding the investigation of Austin Lin's expense reports in or about March 2009 to the present, which was investigated by Plaintiff and Kevin Babis.
**RESPONSE:**  Defendants objection is based on the grounds that Plaintiff's request is overly broad, vague, ambiguous, and purports to request documents that are neither relevant to the subject matter of the litigation nor reasonably calculated to lead to discovery of admissible evidence as well as "Violates any [sic] third party's right to privacy.

Plaintiff asserts there is ample evidence that Austin Lin, Defendants' employee who alerted Defendants to the allegations by Bel Liu was caught in a significant expense account fraud by Plaintiff, which occurred days before the allegations were launched and is known my Plaintiff and many other employees to have had a personal sexual relationship with Bel Liu. Moreover, upon information and belief, Austin Lin was in contact with Bel Liu immediately before, during and after the allegations were launched against Plaintiff.

**REQUEST** 34:  Any and all Documents and Communications between Austin Lin and Bel Liu from January 2006 to the present.
**RESPONSE:**  Defendants objection is based on the grounds that Plaintiff's request is overly broad, vague, ambiguous, and purports to request documents that are neither relevant to the subject matter of the litigation nor reasonably calculated to lead to discovery of admissible evidence as well as "Violates any [sic] third party's right to privacy.

Plaintiff asserts there is ample evidence that Austin Lin, Defendants' employee who alerted Defendants to the allegations by Bel Liu was caught in a significant expense account fraud by Plaintiff, which occurred days before the allegations were launched and is known by Plaintiff

and many other employees to have had a personal sexual relationship with Bel Liu. In fact, Austin Lin personally contacted Defendants' management regarding allegations against Plaintiff after Bel Liu reported the alleged misconduct to him.  Moreover, upon information and belief, Austin Lin was in contact with Bel Liu immediately before, during and after the allegations were launched against Plaintiff.

**REQUEST** 36:  Records of any and all Documents regarding any incoming and outgoing Communication Defendant is aware of for phone number + 0118676086691198 and +01185223321887 or any variations thereof.
**RESPONSE:**  Defendants object to the Request to the Request on the grounds that it is vague, ambiguous, overly broad and unduly burdensome.

**REQUEST 37:**  Any and all Documents and Communication received or sent by Defendants or its/her employees for email address bell@practical.com.hk.

**RESPONSE:**  Defendants have informed Plaintiff that they would again review the request by Plaintiff.  However, they were put on notice on April 19, 2010 regarding this request and should have complied with the Request long ago.  Plaintiff emphasizes that this Request is the most important and most relevant to its claims.  Peculiar enough, Defendant produced emails provided by Bel Liu where it supported its position (See Exhibit E PG000475 – PG000476).  To date, Plaintiff has not received any emails from Bel Liu that it knows exists and will provide significant supportive evidence in the instant action.  Accordingly, Defendants <u>MUST</u> produce any and all Documents and Communication sent or received related to email bell@practical.com.hk.

**REQUEST** 38: Any and all Documents and Communication related to disparaging nature towards the Plaintiff.

**RESPONSE:** Plaintiff agrees that the above request was overly broad unduly burdensome, and purports to request documents that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to discovery of admissible documents notwithstanding the fact,

Plaintiff asked more direct and focused Requests that were deemed overly broad unduly burdensome, and purports to request documents that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to discovery of admissible documents by Defendants.

**REQUEST 39**:  Any and all Documents and Communications that would be exculpatory towards the Plaintiff concerning his discharge for cause and cancellation of Plaintiff's stock options.

**RESPONSE:**  Defendant objection is based in part that they are not aware of any documents responsive to this request.

Plaintiff contends that the very nature of Defendant's answer demonstrates its reluctance or inability to assist Plaintiff in obtaining its discovery.  Moreover, it shows that Defendant failed to consider the validity of the allegations against the Plaintiff when he was accused of misconduct, which ultimately led to his termination and divesture of his stock options.

    Respectfully Submitted,

/s/ Michael E. Skiber, Esq.
Michael E. Skiber, Esq.
The Law Office of Michael E. Skiber, LLC
Federal Bar No. ct27935
135 Elm Street, Bridgeport, CT  06604
(203) 615-0090