**SEYFARTH SHAW** ATTORNEYS LLP

620 Eighth Avenue
New York, New York  10018
(212) 218-5500
fax (212) 218-5526
www.seyfarth.com

Writer's direct phone
(212) 218-5611

Writer's e-mail
ecerasia@seyfarth.com

August 19, 2010

**BY ECF**

The Honorable Janet C. Hall
United States District Court
United States District Court for the District of Connecticut
Brien McMahon Federal Building
915 Lafayette Boulevard, Suite 417
Bridgeport, CT 06604

      Re:   *Predrag Cicvara v. The Gillette Company, et al.*
             Civil Action No. 3:09-CV-2054 (JCH)

Dear Judge Hall:

     As Your Honor knows, we represent defendants The Gillette Company and The Procter & Gamble Company ("P&G") (collectively the "Defendants") in the above-captioned case.[1]  In response to Your Honor's questions during the hearing on July 20, 2010 with respect to plaintiff Predrag Cicvara's ("Cicvara's") motion to compel discovery, we write to provide the Court with additional information regarding P&G's document retention policy and the physical location of Cicvara's laptop computer.

**P&G's Document Retention Policy**

     Pursuant to its written document retention policy in place at the time of Cicvara's discharge in June 2009, P&G retained all e-mails deleted by P&G employees for a maximum time of thirty-two (32) days.  Due to the large number of employees at P&G and the volume of data on its network, P&G deletes all e-mails stored on its network for over thirty-two days unless there is a litigation hold in place.  A copy of the document retention policy in place in 2009 is attached hereto as Exhibit A.

     In this case, P&G did not anticipate litigation until July 14, 2009, when Duncan Sparkes, P&G's corporate counsel, forwarded a letter written by Cicvara's counsel, Michael Skiber, to Louise Brock, P&G's employment law counsel.[2]  A copy of Mr. Sparke's July 14 e-mail is attached

---

[1]    During the hearing held on July 20, 2010, the Court granted defendant Lynne Burnett's motion to dismiss the claim against her, but granted Cicvara leave to file a Second Amended Complaint.  To date, Cicvara has not filed that pleading.

[2]    Although Attorney Skiber's letter states that it was sent to P&G via facsimile and certified mail, P&G has no record of receiving the letter via certified mail.

BRUSSELS  WASHINGTON, D.C.  SAN FRANCISCO  SACRAMENTO  NEW YORK  LOS ANGELES  HOUSTON  CHICAGO  BOSTON  ATLANTA



The Honorable Janet C. Hall
August 19, 2010
Page 2

hereto as Exhibit B.  Upon receipt of Attorney Skiber's letter, Ms. Brock, who is responsible for overseeing the Duracell division's employment litigation, promptly took steps to initiate a litigation hold.  Within the next few days, Ms. Brock created a list of custodians and determined the categories of documents that could become relevant in the event of litigation.  On Monday, July 20, 2009, only six days after receiving Attorney Skiber's letter, Ms. Brock approved and published a litigation hold notice on P&G's intranet, which then triggered a notice via e-mail to each of the key custodians, as well as a separate e-mail notifying the P&G information technology department to cease auto-deleting each custodian's stored e-mails.  Notably, by the time Ms. Brock received Attorney Skiber's letter on July 14, 2009, any deleted electronic documents or e-mails on the server before June 12, 2009 – *i.e.*, 32 days before July 14, 2009 and 3 days before Cicvara's discharge – would not have existed under P&G's document retention policy.

Although P&G has thoroughly searched for all documents responsive to Cicvara's discovery demands, in an effort to ensure complete exhaustion, P&G recently triggered Encase, a program which searches each custodian's e-mails and retrieves potentially relevant documents.  P&G will advise Attorney Skiber if the search reveals any new documents that were not located prior to P&G's 500-page document production in May 2010, and will produce any responsive documents to him.

**Cicvara's Laptop**

On July 8, 2009, prior to Attorney Skiber's letter or any notice by Cicvara that he may assert a claim, Tomas Lourenco and Paul Ellison, P&G's Account Security Administrators, e-mailed Kevin Babis, Cicvara's manager, and informed him that P&G's security policy mandated the deletion of an employee's information technology accounts on the date that the employee left the company.  Mr. Lourenco further stated that, although Cicvara's employment had been terminated on June 15, 2009, P&G's Account Security department had not yet received his laptop.  Accordingly, Mr. Lourenco directed Mr. Babis to complete an e-form, which initiated a service ticket for the laptop.  A copy of Mr. Lourenco's July 8 e-mail is attached hereto as Exhibit C.

Two days later, on July 10, 2009, Caryn Fletcher, Mr. Babis's administrative assistant, submitted a service ticket for Cicvara's laptop.  On that same day, Mr. Lourenco picked up that laptop and delivered it to Richard Freitas, an information technology specialist, who wiped the data stored on the laptop and distributed it to P&G's loaner laptop pool, where it is currently being used.  A copy of the service ticket for Cicvara's laptop is attached hereto as Exhibit D.

As demonstrated by these facts, P&G acted in accordance with its normal business procedures and document retention policy, and thus did not intentionally or negligently fail to preserve information relevant to this litigation.  In fact, as soon as litigation appeared foreseeable on July 14, 2009, P&G diligently initiated a litigation hold on July 20.  In addition, pursuant to P&G's regular business practices, steps were underway to reassign and clean Cicvara's laptop for use in P&G's loaner pool before receipt of Attorney Skiber's July 9, 2009 letter.



The Honorable Janet C. Hall
August 19, 2010
Page 3

We are available if the Court requires further details regarding this matter.

Respectfully submitted,

SEYFARTH SHAW LLP

By  /s/ Edward Cerasia II
     Edward Cerasia II (ct 13096)

cc:   Michael Skiber, Esq. (via ECF)
      Hema Chatlani, Esq.