UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
PREDRAG CICVARA,

      Plaintiff,

      v.

THE GILLETTE COMPANY and PROCTER &
GAMBLE COMPANY, Inc., DURACELL, AN ENTITY
OF UNKNOWN FORM and LYNNE BURNETT,

      Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Civil Action No. 3:09-CV-2054 (JCH)

September 28, 2010

**JOINT STATUS REPORT**

In accordance with the Court's March 31, 2010, Scheduling Order Regarding Case Management Plan, plaintiff Predrag Cicvara ("Cicvara"), through his counsel, Michael E. Skiber, and defendants The Gillette Company ("Gillette"), Procter & Gamble Company, Inc. ("P&G"), and Lynne Burnett ("Burnett")[1] (collectively "Defendants"), through their counsel, Edward Cerasia II of Seyfarth Shaw LLP, respectfully submit this Joint Status Report.

**I.     DEFENDANTS' STATEMENT**

**Status of Discovery:** To date, the parties have exchanged initial disclosures, interrogatories, and document demands, and responses to the same. On June 7 and 14, 2010, the parties conferred regarding Cicvara's contentions that Defendants' discovery responses were inadequate, and on June 16, 2010, Cicvara filed a motion to compel discovery. On July 20, 2010, the Court held a hearing on Plaintiff's motion. At the close of the hearing, the Court

---

[1]   On July 20, 2010, this Court granted Burnett's motion to dismiss the tortuous interference claim against her, but granted Cicvara leave to amend the Amended Complaint as to that claim. As a result, the Court has not yet terminated Burnett as a defendant in this action. To date, Cicvara has not filed a Second Amended Complaint.

denied Plaintiff's motion to compel in substantial part, and reserved decision in part.  The Court also granted defendant Burnett's motion to dismiss the Amended Complaint, but granted Plaintiff's request for leave to file a Second Amended Complaint as to the claim against Burnett. While the Court did not provide Plaintiff with a deadline for filing that new pleading, it has been to more than sixty days since that ruling, but Plaintiff still has not filed a Second Amended Complaint.

On July 27, 2010, the parties filed a joint motion to modify the scheduling order and extend the deadline for the completion of discovery to December 15, 2010.  The Court granted the parties' motion on July 29, 2010.  Therefore, all discovery is to be completed by December 15, 2010.

On August 19, 2010, Defendants filed a letter with the Court providing additional information regarding P&G's document retention policy and the physical location of Cicvara's laptop computer.  In the letter, Defendants explained that although P&G thoroughly searched for all documents responsive to Cicvara's discovery demands, in an effort to ensure complete exhaustion, P&G triggered Encase, a program which searches each custodian's e-mails and retrieves potentially relevant documents.  Cicvara did not file a response to Defendants' letter. Thereafter, on August 25, 2010, Defendants called Cicvara's counsel, Michael Skiber, and asked for a list of his proposed search terms for the Encase process and his availability for Cicvara's deposition.  Attorney Skiber, however, never responded to that request.  Thus, on August 27, 2010 and September 1, 2010, Defendants' counsel, Hema Chatlani, e-mailed Attorney Skiber, asking again for his availability and his proposed search terms.  Finally, on September 2, 2010, Attorney Chatlani informed Attorney Skiber via e-mail that Defendants would utilize their own search terms in the Encase process if she did not hear from him by September 7, 2010.

Defendants did not hear from Attorney Skiber by September 7, 2010, and, as a result, Defendants began the Encase process with their own search terms.  Defendants anticipate that the Encase process will be completed by October 12, 2010.  Additionally, after their several unsuccessful attempts at scheduling Cicvara's deposition on a mutually agreeable date, Defendants, recognizing the need to move the case forward before the close of discovery, noticed Cicvara's deposition for October 26, 2010.

**Current Deadlines:**  As per the Court's July 29, 2010, Order modifying the Scheduling Order, discovery shall be completed on or before December 15, 2010.

Dispositive motions will be submitted on or before January 17, 2010.

A joint trial memorandum will be submitted on or before January 17, 2010.

**Contemplated Motions or Amendments to Pleadings:**  At this juncture, Defendants do not contemplate filing an amendment to their Answer to the Amended Complaint.  Defendants anticipate filing a motion for summary judgment at the close of discovery.

## II.    PLAINTIFF'S STATEMENT

Plaintiff's Counsel has today, September 28, 2010, filed a Motion to Withdraw as Counsel. Accordingly, Plaintiff's statement will be delayed pending ruling of the Court on the Motion.

Dated this 28th day of September, 2010.

Respectfully submitted,

| LAW OFFICES OF MICHAEL E. SKIBER | SEYFARTH SHAW LLP |
|---|---|
| By /s/   Michael E. Skiber | By /s/ Edward Cerasia II |
| Michael E. Skiber (ct 27935) | Edward Cerasia II (ct 13096) |
| 135 Elm Street | 620 Eighth Avenue, 32nd Floor |
| Bridgeport, CT 06604 | New York, New York 10018 |
| (203) 615-0090 | (212) 218-5500 |
| skiberlaw@gmail.com | ecerasia@seyfarth.com |
| Attorney for Plaintiff | Attorneys for Defendants |