# SEYFARTH SHAW LLP
ATTORNEYS

620 Eighth Avenue
New York, New York 10018
(212) 218-5500
fax (212) 218-5526
www.seyfarth.com

Writer's direct phone
(212) 218-5611

Writer's e-mail
ecerasia@seyfarth.com

February 18, 2011

**VIA FACSIMILE (203) 579-5681**

The Honorable Janet C. Hall
United States District Court
United States District Court for the District of Connecticut
Brien McMahon Federal Building
915 Lafayette Boulevard, Suite 417
Bridgeport, CT 06604

   Re: *Predrag Cicvara v. The Gillette Company, et al.*
     Civil Action No. 3:09-CV-2054 (JCH)

Dear Judge Hall:

   As Your Honor knows, we represent defendants The Gillette Company and The Procter & Gamble Company (collectively the "Defendants") in the above-captioned case.[1] Defendants seek clarification regarding the Court's February 15, 2011 Order granting in part plaintiff Predrag Cicvara's motion for an extension of the discovery schedule.

   In its previous scheduling orders, dated March 31, July 29, and December 13, 2010, this Court issued a date certain for the filing of dispositive motions, which fell on a date thirty days after the close of fact discovery. In its February 15 Order, this Court extended the deadline for fact discovery from February 15, 2011 to March 1, 2011, but did not issue an order amending the date for filing dispositive motions. Defendants respectfully request clarification regarding whether the deadline for filing dispositive motions has been correspondingly extended from March 15, 2011 to April 1, 2011, thirty days after the close of the new fact discovery deadline.[2]

---

[1] On July 20, 2010, this Court granted defendant Lynne Burnett's ("Burnett's") motion to dismiss the tortious interference claim against her. Thus, Burnett is no longer a defendant in this case. In addition, Duracell ceased being a legal entity as of January 1, 1999, and therefore is not a proper defendant in this case.

[2] Because the parties have engaged in extensive document exchanges, no further document exchange is necessary. Contrary to plaintiff's representation in his motion for an extension of the discovery schedule, Defendants timely informed Igor Sikorsky, Jr., Esq., counsel for plaintiff, that they do not have any further non-privileged e-mails that are relevant to this case and within the scope of the Court's discovery rulings on July 20, 2010.

BRUSSELS  WASHINGTON, D.C.  SAN FRANCISCO  SACRAMENTO  NEW YORK  LOS ANGELES  HOUSTON  CHICAGO  BOSTON  ATLANTA

THIS LETTERHEAD IS PRINTED ON RECYCLED STOCK



The Honorable Janet C. Hall
February 18, 2011
Page 2

Thank you for Your Honor's courtesy in considering this request.

Respectfully submitted,

SEYFARTH SHAW LLP

Edward Cerasia II (ct 13096)

cc: Igor Sikorsky, Jr., Esq. (via U.S. mail)
Hema Chatlani, Esq.