UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
PREDRAG CICVARA,                                   :   Civil Action No.3:09-cv-2054
                                                   :   (JCH) (HF)
            Plaintiff,                             :
                                                   :
      v.                                           :
                                                   :
THE GILLETTE COMPANY and PROCTER &                 :   March 10, 2011
GAMBLE COMPANY and DURACELL, AN ENTITY             :
OF UNKNOWN FORM and LYNNE BURNETT,                 :
                                                   :
            Defendants.                            :
                                                   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DEFENDANTS' MEMORANDUM OF LAW IN
<u>OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY</u>**

Edward Cerasia II (ct 13096)
Hema Chatlani (phv 04023)
SEYFARTH SHAW LLP
620 Eighth Avenue, 32nd Floor
New York, New York 10018-1405
(212) 218-5500
Attorneys for Defendants

Defendants The Gillette Company and The Procter & Gamble Company (collectively, the "Defendants" or "the Company") respectfully submit this memorandum of law in opposition to plaintiff Predrag Cicvara's ("Cicvara's") second motion to compel discovery, which seeks to create a dispute where none exists because the documents sought do not exist or, pursuant to the Court's July 20, 2010 rulings, are not discoverable.[1]

## I. BACKGROUND FACTS

By now, the Court is well versed in the factual and procedural history of this case. In brief, Cicvara worked for Gillette in Bethel, Connecticut, until June 15, 2009, when his employment was terminated for cause for violating the Company's Worldwide Business Conduct Manual. Specifically, the Company learned through an investigation that while Cicvara was on a business trip to Hong Kong, he made inappropriate and improper sexual advances toward Bel Liu ("Liu"), a representative of a Company client known as Practical Flashlight Company ("Practical"), including admittedly telling Liu, "I could rape you." After his termination, Cicvara attempted to exercise options to purchase P&G's common stock, but was precluded from doing so because the options were cancelled by operation of the terms of the Gillette Company 1971 Stock Option Plan (the "Plan"), which provides that "[i]f an employee Participant is discharged for Cause . . . all his options shall immediately be cancelled effective as of the date of termination of his employment." Section 6(f)(B) of the Plan specifically defines "Cause" as "the Participant's engaging in illegal conduct or gross misconduct which is materially and demonstrably injurious to the Company or the subsidiary."

---

[1] On July 20, 2010, this Court granted defendant Lynne Burnett's ("Burnett's") motion to dismiss the tortious interference claim against her. Thus, Burnett is no longer a defendant in this case. In addition, Duracell ceased being a legal entity as of January 1, 1999, and therefore is not a proper defendant in this case.

On November 16, 2009, Cicvara filed his lawsuit, in which he seeks the value of the stock options that were cancelled automatically upon his termination for cause, as well as the value of a purported severance package and a bonus (despite admitting at his deposition that he had no such entitlement to severance or a bonus).  Since May 2010, Defendants have produced over five hundred pages of documents, which included e-mail communications between the individuals involved in the investigation of Cicvara's conduct toward Liu and the decision to terminate Cicvara's employment.

In June 2010, former counsel for Cicvara, Michael Skiber, filed a motion to compel discovery seeking, among other things, discovery related to Gillette employees who had no involvement in the decision to terminate Cicvara's employment or the cancellation of his stock options.  For example, that June 2010 motion sought documents allegedly in the possession of Mark Bertolami ("Bertolami"), a former senior executive who had no involvement with, or personal knowledge of, the decision to terminate Cicvara's employment or the cancellation of his stock options.  Instead, Cicvara claimed that Bertolami had potentially discoverable information related to Cicvara's unfounded complaint in 2008 regarding P&G's purported "illegal" sale of Duracell batteries, and his "rejection" of a flashlight shipment.  Defendants opposed Cicvara's motion, arguing that any such documents were not reasonably likely to lead to the discovery of admissible evidence as to whether Cicvara is entitled to the value of his stock options.  On July 20, 2010, this Court agreed with Defendants and denied Cicvara's motion to compel discovery of the irrelevant documents, including Cicvara's request for documents related to Bertolami.

Following the July 20, 2010 conference, Defendants produced further documents, which included nearly one-hundred pages of additional e-mail communications and attachments sent to and from various individuals, including Dina Schmude, Peggy Wilczewksi, and Lynne Burnett.

All of these additional e-mails dealt with the investigation of Cicvara's improper behavior toward Bel Liu and Cicvara's ultimate termination, and were sent between June and July of 2009, the very same time period that is the subject of Cicvara's pending motion to compel.

Toward the close of discovery, Attorney Skiber filed a motion to withdraw as Cicvara's counsel, which was granted on November 5, 2010. On October 26, 2010, Attorney Igor Sikorsky filed a Notice of Appearance on Civara's behalf and, shortly thereafter, Attorney Sikorsky renewed Attorney Skiber's requests for irrelevant documents and information, notwithstanding Defendants' repeated statements that the discovery sought is irrelevant to the claims in this case and had been the subject of a prior motion to compel, which this Court ruled on during the July 20, 2010 hearing.

On January 3, 2011, Attorney Sikorsky served a second set of discovery demands, which primarily requested e-mail communications between various custodians, including Bertolami. On February 7, 2011, within the time permitted by Fed. R. Civ. P. 34, Defendants served their responses and objections to those discovery demands. With respect to the relevant witnesses, Defendants stated that they already had produced all relevant, non-privileged e-mail communications in their possession by that time, and consequently referred Cicvara to the Bates stamp numbers corresponding to the numerous e-mails that Defendants had produced. Defendants objected to the production of e-mail communications that this Court already ruled as irrelevant to this case on July 20, 2010, such as any e-mails sent by Bertolami, who had absolutely nothing to do with the decision to terminate Cicvara's employment or the cancellation of his stock options.

Despite the fact that Defendants have produced all relevant e-mails and documents in this case, Cicvara filed a motion to extend discovery on February 14, 2011, claiming that he needed

4

further time to obtain "e-mail records readily available to Defendants and certainly already in its possession." (Docket Entry. No. 66.)   Thereafter, on February 25, 2011, Cicvara filed the instant motion to compel seeking the production of all "e-mail messages of the principal individuals [] who were involved in Cicvara's termination." (Docket Entry No. 68.)   Contrary to Cicvara's unfounded claim that Defendants are withholding e-mail communications, Defendants have produced all relevant e-mail communications in their possession concerning Cicvara's termination and his claims in the Amended Complaint and do not possess any other relevant e-mails responsive to his requests.  Consequently, Defendants simply do not understand Cicvara's repetitive and frivolous filings claiming that Defendants are in possession of additional relevant e-mails.  Further, Defendants are unclear as to why Cicvara has stated that "the request is not 'burdensome.'"  Defendants are not objecting to the requests on the grounds that the demand is burdensome, but rather on the grounds that Defendants have *already* produced all relevant e-mails in their possession.

## II.  ARGUMENT

The Court should deny Cicvara's discovery motion because Defendants have fulfilled their obligations under Fed. R. Civ. P. 34 and, in accordance with the Court's July 20, 2010 ruling, do not have to produce any documents concerning Bertolami.  As Defendants previously informed Attorney Sikorsky, they have produced all e-mails responsive to Cicvara's second document demands, identified with Bates Nos. PG000477 through PG000486 and PG000546 through PG000635.  Defendants have not located any additional e-mails or documents responsive to Cicvara's second discovery requests, which ends any dispute.

Because Defendants are not in possession of any additional responsive documents, they respectfully request that the Court deny Cicvara's repetitive and baseless motion to compel in its entirety.  *See Vann v. Fischer*, 2010 U.S. Dist. LEXIS 7251, at *6 (W.D.N.Y. Jan. 28, 2010)

(denying motion to compel and directing plaintiff "to review the documents already produced"); *Bellinger v. Astrue*, 2009 U.S. Dist. LEXIS 71727, at *28 (E.D.N.Y. Aug. 13, 2009) (denying motion to compel where defendant represented that it already produced relevant emails in its possession and plaintiff provided "no basis for [her] accusation that defendant has failed to search for and produce the emails she has demanded in discovery").

### III.  CONCLUSION

For all of the foregoing reasons, as well as the Court's rulings on July 20, 2010, the Court should deny Cicvara's motion to compel discovery, grant to Defendants their costs, including attorneys' fees, in connection with this motion pursuant to Fed. R. Civ. P. 37(a)(4), and grant to Defendants such other and further relief as the Court may deem just and proper.

Dated this 10th day of March, 2011, in New York, New York.

        Respectfully submitted,

        SEYFARTH SHAW LLP

        By   /s/ Edward Cerasia II
           Edward Cerasia II (ct 13096)
           Hema Chatlani (phv 04023)
        620 Eighth Avenue, 32nd Floor
        New York, New York 10018
        (212) 218-5500
        ecerasia@seyfarth.com

        Attorneys for Defendants

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on March 10, 2011, he caused a true copy of the foregoing Defendants' Memorandum of Law in Opposition to Plaintiff's Motion to Compel Discovery to be filed electronically with the Court. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic case filing ("ECF") system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electric Filing. Parties may access this filing through the court's CM/ECF System. The foregoing was delivered upon the following counsel for plaintiff by ECF:

Igor I. Sikorsky, Jr., Esq.
P.O. Box 38
Unionville, CT 06085
Email: igorbox38@hotmail.com

/s/ Edward Cerasia II
Edward Cerasia II