UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
PREDRAG CICVARA,                         :    Civil Action No. 3:09-cv-2054
                                         :    (JCH) (HF)
       Plaintiff,                        :
                                         :
       v.                                :    April 15, 2011
                                         :
THE GILLETTE COMPANY and PROCTER &       :
GAMBLE COMPANY and DURACELL, AN ENTITY   :
OF UNKNOWN FORM and LYNNE BURNETT,       :
                                         :
       Defendants.                       :
                                         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## NOTICE OF MOTION FOR SUMMARY JUDGMENT

Defendants The Gillette Company and The Procter & Gamble Company (collectively, the "Defendants") respectfully move for an order from the Court granting the Company summary judgment and dismissing the Amended Complaint in its entirety, pursuant to Fed. R. Civ. P. 56.

As set forth in Defendants' Memorandum of Law in Support of Their Motion for Summary Judgment; Defendants' Statement of Undisputed Material Facts Pursuant to Local Rule 56.1(a)(1); the Declaration of Edward Cerasia II, Esq., together with Exhibits A through D annexed thereto; the Declaration of Lynne Burnett, together with Exhibits A and B annexed thereto; the Declaration of Kevin Babis, together with Exhibits A and B annexed thereto; the Declaration of Peggy Wilczewski, together with Exhibits A through J annexed thereto; the Declaration of Dina Schmude, together with Exhibits A through C annexed thereto, and upon all of the papers and proceedings herein, Defendants respectfully submit that they are entitled to an Order granting summary judgment in their favor and dismissing the Amended Complaint in its entirety on each of the following grounds, pursuant to Fed. R. Civ. P. 56: (1) plaintiff cannot

prevail on his breach of contract claims (Counts One, Three, and Five of the Amended Complaint) because the undisputed facts demonstrate that Defendants did not breach any promise to plaintiff; (2) plaintiff cannot recover on his unjust enrichment claims (Counts Two, Four, and Six of the Amended Complaint) seeking the value of his stock options, bonus, and severance pay because there is an express contract governing his stock options and bonus and, in any event, unjust enrichment is an equitable remedy and his own gross misconduct precludes any such award; (3) plaintiff's cause of action for "Statutory Payment of Wage" (Count Seven of the Amended Complaint) fails because he was not owed any further payment from the Company, and, under Connecticut law, severance pay and the type of bonus involved in this case do not constitute "wages."

      Dated this 15th day of April, 2011, at New York, New York.

Respectfully submitted,

SEYFARTH SHAW LLP

By  s/ Edward Cerasia II
   Edward Cerasia II (ct 13096)
   Hema Chatlani (phv 04023)
620 Eighth Avenue, 32nd Floor
New York, New York 10018
(212) 218-5500
ecerasia@seyfarth.com

Attorneys for Defendants
 The Gillette Company
 and The Procter & Gamble Company