UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------- x
:
PREDRAG CICVARA,                      : Civil Action No.3:09-cv-2054
                                      : (JCH) (HF)
    Plaintiff,                        :
                                      :
v.                                    : April 14, 2011
                                      :
THE GILLETTE COMPANY and PROCTER &    : **DECLARATION OF**
GAMBLE COMPANY and DURACELL, AN ENTITY: **DINA SCHMUDE**
OF UNKNOWN FORM and LYNNE BURNETT,    :
                                      :
    Defendants.                       :
                                      :
------------------------------------- x

    I, DINA SCHMUDE, declare under the penalty of perjury:

    1.    I am currently employed by The Procter & Gamble Company (the "Company") as the Human Resources Manager for its Bethel, Connecticut office. I submit this Declaration, which is based upon personal knowledge and my review of records maintained by the Company in the regular course of its business, in support of the defendants' motion for summary judgment.

    2.    In early-June 2009, Austin Lin, a Company employee, reported possible misconduct to me by plaintiff Predrag Cicvara. Specifically, Mr. Lin informed me that Bel Liu, who was an employee of a Company supplier named Practical Lighting, told Mr. Lin that Mr. Cicvara had made repeated unwanted sexual advances toward Ms. Liu during a business trip in Asia.

    3.    I immediately reported Mr. Lin's allegation to Lynne Burnett, who was then the Company's Global Human Resources Director in Bethel. Ms. Burnett advised me to investigate the allegations by speaking with Ms. Liu. I then sent Ms. Liu an e-mail and asked for her availability to speak with me and Peggy Wilczewski, the Company's Senior Human Resources

Manager in Bethel. Ms. Liu responded that she was available on June 11, 2009. A true and correct copy of my e-mail to Ms. Liu scheduling a time to speak with her is attached hereto as Exhibit A.

4. Thereafter, on the morning of June 11, 2009, I, along with Peggy Wilczewski, the Company's Senior Human Resources Manager in Bethel, called Ms. Liu in Hong Kong and spoke with her regarding her allegations. Both Ms. Wilczewski and I took notes of our conversation with Ms. Liu. During that call, Ms. Liu told us that Mr. Cicvara repeatedly made unwanted sexual advances toward her while he was in Asia auditing Practical Lighting's facilities. Specifically, Ms. Liu said that Mr. Cicvara visited her hotel room in Thailand when she was sick, removed his pants, refused to leave when asked, inappropriately touched her, and told her that he wanted to "rape" her. Ms. Liu also stated that Mr. Cicvara sent her several inappropriate e-mail and text messages. It was clear to me that Ms. Liu was upset as she spoke to us about the events that occurred in Asia.

5. After ending our call, Ms. Wilczewski and I combined our notes from our conversation with Ms. Liu into one document. Ms. Wilczewski later sent these notes to Ms. Liu, copying me, and asked Ms. Liu to review the notes for accuracy. A true and correct copy of Ms. Wilczewski's e-mail to Ms. Liu attaching our draft notes is attached hereto as Exhibit B.

6. The next day, June 12, 2009, Ms. Liu e-mailed her corrections to our draft notes to Ms. Wilczewski and me. In her cover e-mail, Ms. Liu explained that she had tried to be polite with Mr. Cicvara, whom she viewed as a customer. Ms. Liu also attached an e-mail chain and five text messages exchanged between her and Mr. Cicvara, and explained that she had forwarded an additional eight text messages that she could not convert to an e-mail format to Ms. Wilczewski's mobile phone. In his text messages, Mr. Cicvara admitted his conduct, referenced

his feelings toward Ms. Liu, and at one point referred to himself as a "dirty old man." A true and correct copy of the e-mail message with attachments that we received from Ms. Liu on June 12, 2009, is attached hereto as Exhibit C.

I declare under the penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

Dated this 14th day of April, 2011, at Bethel, Connecticut.

_____
Dina Schmude