## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                :

| | |
|---|---|
| PREDRAG CICVARA, | Civil Action No.3:09-cv-2054 (JCH) (HF) |
| Plaintiff, | |
| v. | April 15, 2011 |
| THE GILLETTE COMPANY and PROCTER & GAMBLE COMPANY and DURACELL, AN ENTITY OF UNKNOWN FORM and LYNNE BURNETT, | **DECLARATION OF KEVIN BABIS** |
| Defendants. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

I, KEVIN BABIS, declare under the penalty of perjury:

1.      I am currently employed by The Procter & Gamble Company (the "Company") as Associate Director, Duracell Quality Assurance & Engineering Services.  I submit this Declaration, which is based upon personal knowledge and my review of records maintained by the Company in the regular course of its business, in support of the defendants' motion for summary judgment.

2.      In June 2009, I learned from Dina Schmude and Peggy Wilczewski that they were investigating allegations that Predrag Cicvara, one of my direct reports, had made inappropriate sexual advances toward Bel Liu, who was an employee of a Company supplier named Practical Lighting, during an audit of Practical's facilities in Asia.  In connection with that investigation, I forwarded to Ms. Schmude an e-mail I had received earlier in the year from Mr. Cicvara enclosing his travel itinerary for the audit in Asia.  A true and correct copy of my e-mail to Ms. Schmude is attached hereto as Exhibit A.

3.      Thereafter, on June 15, 2009, I, along with Ms. Wilczewski and Lynne Burnett, who at that time was the Company's Global Human Resources Director in Bethel, Connecticut, met with Mr. Cicvara in a conference room and interviewed him regarding Ms. Liu's allegations. Ms. Burnett took the lead in asking questions, while Ms. Wilczewski took notes of the meeting. I reviewed Ms. Wilczewski's notes and believe they are a true and accurate reflection of the meeting.  A copy of Ms. Wilczewski's notes is attached hereto as Exhibit B.

4.      During that meeting, Mr. Cicvara admitted that he had visited Ms. Liu's hotel room while in Asia, touched Ms. Liu despite the fact that she had not asked him to do so, and told Ms. Liu that he "had a feeling [he] would rape her." I was appalled that Mr. Cicvara admitted to telling Ms. Liu that he could "rape her," which I viewed as egregious misconduct by him and a clear violation of the Company's policy against harassment and its Purpose, Values and Principles ("PVPs").

5.      At the end of our interview, Ms. Burnett asked Mr. Cicvara to remain in the conference room while she, Ms Wilczewski, and I stepped out of the room to discuss the matter. After speaking for approximately ten minutes, the three of us unanimously decided that the Company should terminate Mr. Cicvara's employment for engaging in his egregious misconduct in violation of the Company's policy and PVPs.  We then returned to the conference room, when Ms. Burnett told Mr. Cicvara that his employment was being terminated for violating the Company's harassment policy and PVPs.

6.      In my view, Mr. Cicvara engaged in egregious misconduct toward Ms. Liu, which violated the Company's policies and PVPs, negatively reflected on the Company as a whole, and detrimentally impacted the Company's relationship with Practical Lighting.

2

]

I declare under the penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

Dated this _15_ day of April, 2011, at Bethel, Connecticut.

Kevin Babis