UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PREDRAG CICVARA, | : | Civil Action No. 3:9-CV-2054 (JCH) (HF) |
| Plaintiff, | : | |
| | | |
| V. | : | |
| | | |
| THE GILLETTE COMPANY and PROCTER & | : | |
| GAMBLE COMPANY and DURACELL, AN ENTITY | : | |
| OF UNKNOWN FORM and LYNNE BURNETT. | : | |
| Defendants. | : | May 26, 2011 |

**MEMORANDUM IN OPPOSITION TO GILLETTE'S MOTION
OF SUMMARY JUDGMENT AND IN SUPPORT
OF CICVARA'S CROSS MOTION
ARGUMENT
STANDARD FOR REVIEW**

I. THE STANDARD FOR SUMMARY JUDGMENT HAS REPEATEDLY BEEN SET FORTH; SINCE THE ISSUES IN OPPOSITION TO GILLETTES MOTION ARE MIRROR IMAGES OF PLAINTIFFS MOTION THIS MEMORANDUM IS INTENDED TO SERVE IN OPPOSITION TO GILLETTE'S MOTION AND IN SUPPORT OF CICVARA'S CROSS MOTION.

The Court reviews a Motion requesting Summary Judgment asks whether the record demonstrates that there were no genuine issues of material fact and that the moving party was entitled to judgment as a matter of law. *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2nd Cir. 2003). In determining where there are genuine issues of material fact, the Court is "required to resolve all ambiguities and draw all factual inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (quotation marks omitted). However, "conclusory

1

statements and mere allegations [are] not sufficient to defeat a summary judgment motion." *Davis v. State of New York*, 316 F.3d. 93, 100 (2d Cir. 2002).

In employment discrimination cases such as this one, "[i]t is now beyond a cavil that summary judgment may be appropriate even in the fact intensive context of discrimination cases," and that "the salutary purposes of summary judgment-avoiding protracted, expensive and harassing trials-apply no less to discrimination cases than to . . . other areas of litigation." *Adbu-Brisson v. Delta Airlines, Inc.*, 239 F.3d 456, 466 (2d Cir. 2001) (internal quotation marks omitted) *See also Meiri v. Dacon*, 759 F.2d 989, 998 (2d Cir. 1985) cert denied, 474 U.S. 829 (1985) (summary judgment appropriate in employment discrimination cases even though such cases involve the employer's intent or state of mind).

As in any other case, "an employment discrimination plaintiff faced with a properly supported summary judgment motion must do more than simply show that there is some metaphysical doubt as to material facts. . . . [H]e must come forth with evidence sufficient to allow a reasonable jury to find in [his] favor." *Brown v. Henderson*, 257 F.3d 246, 251 (2d Cir. 2001) (citation and internal quotation marks omitted).

The same standard applies, of course to the defendant. What is sauce for the goose is sauce for the gander. The problem with defendant's argument is that this is <u>not</u> an employment discrimination case.

II.      GILLETTE FAILS TO OFFER ANY EVIDENCE THAT IT ACTED IN ACCORD WITH THE PLAINLY STATED REQUIREMENTS OF THE PLAN

As will be set forth the plan is specific on the standard for voiding stock options. There is no evidence whatsoever that meets the standard of "substantial and

demonstrable" damage to Gillette. Nor could there be because the factual chronology set forth by Gillette demonstrates conclusively that Gillette denied Cicvara stock options "automatically" upon termination.

III. IN CONTRAST CICVARA'S CASE IN CLEAR, SUPPORTED ENTIRELY WITH UNCONTESTED (AND UNCONTOVERTIBLE) FACTS.

Cicvara, in his cross motion, has demonstrated that he was denied stock options, "automatically" (a word used by Gillette) with no investigation concerning the need to allege demonstrable loss to Gillette. As Cicvara's affidavit affirms no such loss did or could have occurred.

IV. CICVARA CONTENDS THE PLAN'S LANGUAGE IS CLEAR AND UNAMBIGUOUS. HOWEVER, IF THERE BE ANY DOUBT ABOUT THE IMPORT OR INTENT OF THE PLAN THEN THE DOUBT SHOULD BE RESOLVED AGAINST THE PLAN'S SCRIBNER'S.

The law of contracts is so clear on this proposition that it would be an insult to the court to load down this file with citations. Simply stated, if there is ambiguity in contractual language it is to be construed against the entity responsible for the drafting.

There can be no question that contract rules apply in this case, since Gillette has repeatedly referred to the issues as ones of "contract" law.

It is a basic principle of law that the language of the plan should be interpreted if there are any ambiguity against Gillette.

In choosing among the reasonable meanings of a promise or agreement or a term thereof, that meaning is generally preferred which operates against the party who supplies the words or from whom a writing otherwise proceeds.

a.       *Rationale*. Where one party chooses the terms of a contract, he is likely to provide more carefully for the protection of his own interests than for those of the other party. He is also more likely than the other party to have reason to know of uncertainties of meaning. Indeed, he may leave meaning deliberately obscure, intending to decide at a later date what meaning to assert. In cases of doubt, therefore, so long as other factors are not decisive, there is substantial reason for preferring the meaning of the other party. The rule is often invoked in cases of standardized contracts and in cases where the drafting party has the stronger bargaining position, but it is not limited to such cases. It is in strictness a rule of legal effect. Sometimes called construction, as well as interpretation; its operation depends on the positions of the parties as they appear in litigation, and sometimes the result is hard to distinguish from a denial of effect to an unconscionable clause.

<u>Restatement of contacts</u>. Section 206. To the effect discussing the general rule see <u>Semmes Motors v. Ford</u> 429, F.2d 1197 (2nd Cir. 1970).

V. PLAINLY SPOKEN GILLETTE <u>MIGHT</u> HAVE A RIGHT TO TERMINATE CICVARA,  IF THIS WAS IT'S THE ONLY MOTIVE  BUT IS GOVERNED BY ITS OWN PLAIN LANGUAGE TO HONOR THE STOCK OPTIONS.

Gillette has repeatedly stated that the issue presented by the instant litigation is not an asserted claim of wrongful discharge but that the only issue is a contractual claim concerning the stock option plan.

Gillette mistakes the basic issue which is <u>not</u> whether Gillette could terminate Cicvara, nor its motives for doing so, but whether Gillette followed its own Plan. Plaintiff

4

contends, and supports by Cicvara's affidavit that there was no demonstrable harm to Gillette.

Gillette claims it had an "automatic" right to terminate Cicvara. See Gillette's Statement of undisputed facts at paragraph 57. This is clearly not the language of 6(f)A or B and negates Gillette's position.

Many courts have distinguished between wrongful conduct and "gross" misconduct. For example, a hararasser's behavior may be "inconsiderate, rude, vulgar, uncooperative, unprofessional and unfair" but not be outrageous."

Miller v. Equitable Life Insurance Society, 181 Ill. App. 3d 954, 957, 537 N.E. 2d 887, 889 (1st Dist. 1989)).

Another case found a harasser's conduct was "insulting, undignified, annoying and perhaps representative of the rough edges of society, but not extreme or outrageous." Bowersox v. P.H. Glatfelter Co., 677 F. Supp. 307 (M.D. Pa. 1988).

These principles are precedents for the court finding that Cicvara is entitled to his stock options while, as one treatis has stated, there are no hard and fast rules" therefore the issue of "gross" should be left to a jury. See Sexual Harassment by Alden and Moore section 8.

VI. GILLETTE CITED SECTION 6(f)A AS JUSTIFICATION FOR DENYING THE STOCK OPTIONS BUT FAILED TO FOLLOW THE PROCEDURES THEREIN.

Furthermore, Gillette's submission to this court states Cicvara was terminated pursuant to Section 6(f)A of the plan. See Attachment H. to Peggy W's affidavit. This section requires a demand for performance which was never made. Thus on the face of Gillette's own pleadings the voiding of his stock options was improper.

On this and this alone Gillette should be denied summary judgment since its own documents create an issue of fact, i.e. whether Cicvara was terminated pursuant to 6(f)A or 6(f)B.

VII. WHILE CICVARA'S CONDUCT MIGHT BE DEEMED "INAPPROPRIATE" IT CANNOT BE SO DEEMED AS A MATTER OF LAW.

Cicvara was charged with what the court clearly could call "an unsolicited and uninvited" sexual overture, which even he admitted could be deemed "inappropriate." But Gillette asks this court to hold as a matter of law that this conduct was "Gross," denying that this was a question of fact for the jury to decide, not the court. A jury could find such conduct wrong, and a jury might sustain such conduct justified termination. But the language of the plan requires a higher standard and the word "gross" created a factual determination by a jury. Gillette's motion would remove from a jury the option to determine the level of sanctions Cicvara has incurred.

Courts have quite routinely upheld sexual harassment as grounds for termination. Such conduct clearly is adequate basis for termination. Hamilton v. Hudson (cited on page 12 of Gillette's brief).

But whether Cicvara's termination was justified is not the issue presented in this case. The plan specifically and clearly sets forth a higher standard for denial of earned and accrued options.

Simply stated, if after a jury trial with the same evidence presented to the court and a jury, would the court be justified in directing a verdict that as a matter of law, Cicvara's conduct meet the higher standard of "gross." That is what Gillette asks the court to do, contrary to precedents. Sexual Harassment supra.

The severity of "punishment" for misconduct is left, by the plain language, for determination by a jury.

The plaintiff will waive <u>in this action</u>  only any claims to "unjust enrichment," severance pay and/or the claim of a bonus. This waiver is limited to the issues raised in this litigation, for the stock options as based as defendants motion is on contract law.

This waiver is limited to the instant action and Cicvara reserves the all rights to challenge the rightfulness of his termination. That issue has been expressly barred from this court's consideration by previous rulings in this case.

## CONCLUSION

The plaintiff claims to have proven by the facts alleged by Gillette and affirmed by the record before this court that Gillette's motion for Summary Judgment should be denied. Furthermore, the lack of any possible rebuttal evidence mandates granting Cicvara's cross motion for Summary Judgment.

Plaintiff

By _____L/S_____
   Igor I. Sikorsky, Jr.
   P.O. Box 38
   Unionville, CT 06085
   (860) 675-5313
   CT Fed Bar No. 04233

## **CERTIFICATION**

This is to certify that the copy of the foregoing was sent by U.S. Mail to:

   Attorney Edward Cerasia, II
   Seyfarth Shaw, LLP-NY
   620 Eight Avenue
   New York, NY 10018

   _____L/S_____
   Igor I. Sikorsky, Jr.