UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| **PREDRAG CICVARA,** : | Civil Action No.3:09-CV-2054 (JCH) (HF) |
| Plaintiff, : | |
| | |
| V. : | |
| | |
| THE GILLETTE COMPANY and PROCTER & : | |
| GAMBLE COMPANY and DURACELL, AN ENTITY : | |
| OF UNKNOWN FORM and LYNNE BURNETT, : | |
| Defendants. : | May 26, 2011 |

## MEMORANDUM
## IN SUPPORT OF CROSS MOTION
## FOR SUMMARY JUDGMENT

Plaintiff here in submits his Motion for Summary Judgment, supported by a memorandum of law in support as well as Plaintiff's memorandum in opposition to Defendants motion for Summary Judgment. Since the issue are so interconnected Plaintiffs filing of memorandum, statement of facts and supporting documents cover both Defendants Motion and Plaintiffs Cross Motion.

**PRELIMINARY STATEMENT**

Defendant mistakes the Plaintiff's cause and seeks to create a smoke careen by alleging sordid details of the clumsy and wrongful efforts of Predrag Cicvara to play the role of seduction in chief. This is not wrongful termination case. The repeated description Plaintiffs conduct (which even he admits were "inappropriate") only clouds the issue.

This case is not about whether Plaintiff's conduct Justifies Terminations. It is about whether Gillette acted in accord with its Stock option plan. It is to use Defendants language, about whether there is credible, admissible evidence that Gillette has offered no evidence, nor can it under the undisputed facts, that it followed its own plan.

Briefly stated Gillette seeks to misled the Court to cover up the fact that it confused its right to fire Cicvara with its duty to honor the terms of its Stock Option Plan. These are markedly different issues, governed by different legal standards.

The issue presented is not whether Gillette had grounds to terminate Cicvara; the issue is whether, without investigation and contrary to the Plans direct language Gillette was entitled to "automatically" revoke his Stock Options.

In its arguments seeking (successfully) to limit Plaintiffs Discovery efforts Gillette's repeatedly has argued that this case was limited to the stock option issue, rather than any claims concerning the motives to terminate Cicvara. So now it is strange that Gillette devotes all its memorandum to emphasis what Cicvara was accused of doing.

## MEMORANDUM
## OF LAW

Plaintiff herein relies on the memorandum submitted in opposition to Gillette's Motion.

WHEREFORE Cicvara states there is no material issue of fact concerning whether Gillette acted in accord with its plan in "Automatically" denying the stock options.

    Respectfully Submitted

By _____L/S_____
    Igor I. Sikorsky, Jr.
    P.O. Box 38
    Unionville, CT 06085
    (860) 675-5313
    CT Fed Bar No. 04233

## **CERTIFICATION**

This is to certify that the copy of the foregoing was sent by U.S., Mail to:

Attorney Edward Cerasia, II
Seyfarth Shaw, LLP-NY
620 Eight Avenue
New York, NY 10018

_____L/S_____
    Igor I. Sikorsky, Jr.