UNITED STATES DISTRICT COURT
FOR DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **PREDRAG CICVARA,** : | Civil Action No.3:09-CV-2054 (JCH) (HF) | |
| Plaintiff, : | | |
| V. : | | |
| **THE GILLETTE COMPANY and PROCTOR &** : | | |
| **GAMBLE COMPANY and DURACELL, AN ENTITY** : | | |
| **OF UNKNOWN FORM and LYNNE BURNETT,** : | | |
| Defendants. : | MAY 26, 2011 | |

**PLAINTIFFS STATEMENT OF UNDISPUTED**
**MATERIAL FACTS PURSUANT TO LOCAL RULE 56.1(A)(1)**
**IN SUPPORT OF HIS CROSS MOTION FOR SUMMARY JUDGMENT**

Pursuant to Local Civil Rule 56.1(a)(1), respectfully submits this statement of undisputed material facts in support of his cross-summary judgment motion and in opposition to Defendants Motion for Summary Judgment (1).

1) The Plaintiff has no dispute with the facts as set forth in Defendants pleadings for Paragraph 1 to 4.

2) The provision of 6(f)B states expressly that Plaintiff's must be found to be guilty of "gross misconduct which was <u>demonstrably</u> harmful to the Defendant".

3) There was not a scintilla of evidence offered of any "demonstrable harm to the Defendant".

4) Plaintiff was terminated within one day his conduct came to the attention of the Defendant and the next day after the investigations took place. These are the dates relied on by the Defendant in its statement of undisputed facts.

5) The Defendant made no effort to ascertain any demonstrable harm to Gillette and declared that his termination was "automatic". (see Defendants Statement at Para 57).

-2-

6) Pursuant to the plan Section 6 (f) (i) Plaintiff sought to exercise his options within the time set forth in the plan. (see Affidavit of Plaintiff).

7) The Defendant has refused and continues to refuse to honor Plaintiff election on the grounds that his termination for cause, "automatically" voided options.

8) At the time of his termination Plaintiff was entitled to options in the as set forth in Exhibit B attached.

9) Plaintiff was terminated on June 15, 2009 after a telephonic consultation with a Company Attorney and notified on June 16, 2009 that his options were terminated. (see Affidavit of Peggy Wilczewski, and Exhibit H, in Defendants Motion).

10) No effort what so ever was to investigate, whether the Plaintiff's conduct substantially and demonstrably adversely affected Gillette and / or its subsidiaries.

11) Plaintiff has exhausted all administrative and / or appeal remedies available to him.

12) If there were any remedies available Defendant has, waived such remedies.(Affidavit of Cicvara).

13) Gillette has offered no evidence or authorities that Plaintiff conduct was "gross misconduct" as a matter of law.

14) Gillette offered no evidence that Plaintiffs conduct materially and demons ratably was injuries to the Company.

15) Gillette made no effort to investigate to determine if there was injury to Gillette pursuant to terms of the Plan.

16) The letters of dismissal states Gillette terminated Cicvara because of an alleged violation of 6(f)A.

-3-

17) The terms of 6 f (A) expressly require a form of progressive discipline in the requirement a failure to perform substantially his duties……

"after a written demand"

18) No "written demand" Pursuant to 6 f (A) was sent by Gillette and / or received by Cicvara.

    Plaintiff

    By _____L/S_____
      Igor I. Sikorsky, Jr.
      P.O. Box 38
      Unionville, CT 06085
      (860) 675-5313
      CT Fed Bar No.04233

## CERTIFICATION

This is to certify that the copy of the foregoing was sent by U.S. Mail to:

Attorney Edward Cerasia, II
Seyfarth Shaw, LLP-NY
620 Eight Avenue
New York, NY 10018


    _____L/S_____
    Igor I. Sikorsky, Jr.