UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------ x
:
PREDRAG CICVARA,                                              :  Civil Action No. 3:09-cv-2054
                                                              :  (JCH) (HF)
        Plaintiff,                                           :
                                                              :
        v.                                                   :  June 16, 2011
                                                              :
THE GILLETTE COMPANY and PROCTER &                            :
GAMBLE COMPANY and DURACELL, AN ENTITY                        :
OF UNKNOWN FORM and LYNNE BURNETT,                            :
                                                              :
        Defendants.                                         :
                                                              :
------------------------------------------ x

### DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT

Edward Cerasia II (ct 13096)
Hema Chatlani (phv 04023)
SEYFARTH SHAW LLP
620 Eighth Avenue, 32nd Floor
New York, New York 10018-1405
(212) 218-5500

Attorneys for Defendants
The Gillette Company
and The Procter & Gamble Company

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................. ii

I.     PRELIMINARY STATEMENT ....................................................................................1

II.    ARGUMENT..................................................................................................................2

        A.    CICVARA'S CROSS-MOTION SHOULD BE DENIED AS UNTIMELY..........2

        B.    CICVARA'S RULE 56(a)1 STATEMENT DO NOT COMPLY WITH LOCAL CIVIL RULES 56(a)1 AND 56(a)3 AND MUST BE STRICKEN ON THIS BASIS ................................................................................................................3

        C.    CICVARA HAS NOT ESTABLISHED THAT HE IS ENTITLED TO SUMMARY JUDGMENT ON HIS BREACH OF CONTRACT CLAIM ............4

III.   CONCLUSION...............................................................................................................6

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Alliance Sec. Prods. v. Fleming Co.*,
   471 F. Supp. 2d 452 (S.D.N.Y. 2007)..................................................................................4

*Banco Cent. de Para. v. Para. Humanitarian Found., Inc.*,
   2005 U.S. Dist. LEXIS 293 (S.D.N.Y. Jan. 6, 2005).........................................................3, 4

*Barkley v. Olympia Mortg. Co.*,
   2010 U.S. Dist. LEXIS 95060 (E.D.N.Y. Sept. 13, 2010)....................................................3

*Celotex Corp. v. Catrett*,
   477 U.S. 317 (1986).............................................................................................................4

*Jessamy v. City of New Rochelle*,
   292 F. Supp. 2d 498 (S.D.N.Y. 2003)..................................................................................4

*Julian v. Equifax Check Servs.*,
   178 F.R.D. 10 (D. Conn. 1998)............................................................................................2

*Kimbro v. I.C. Sys.*,
   336 F. Supp. 2d 188 (D. Conn. 2004)..................................................................................4

*Lewis v. Sieminski*,
   2010 U.S. Dist. LEXIS 99775 (D. Conn. Sept. 22, 2010) ...................................................3

*Martin v. Town of Westport*,
   558 F. Supp. 2d 228 (D. Conn. 2008)..................................................................................3

*NAS Elecs., Inc. v. Transtech Elecs. Pte Ltd.*,
   262 F. Supp. 2d 134 (S.D.N.Y. 2003)..................................................................................2

*Nat'l State Bank v. Fed. Res. Bank*,
   979 F.2d 1579 (3d Cir. 1992)...............................................................................................4

*Vt. Teddy Bear Co. v. 1-800 BEARGRAM Co.*,
   373 F.3d 241 (2d Cir. 2004).................................................................................................5

**RULES**

Fed. R. Civ. P. 16(f).....................................................................................................................2

Fed. R. Civ. P. 56(a) ....................................................................................................................4

Local Civil Rule 56(a)(1).............................................................................................................3

Local Civil Rule 56(a)3 ............................................................................................................3

I.      **PRELIMINARY STATEMENT**

Defendants The Gillette Company and The Procter & Gamble Company (collectively, the "Company") respectfully submit this memorandum in opposition to plaintiff Predrag Cicvara's ("Cicvara's") cross-motion for summary judgment on his first cause of action for breach of contract seeking the value of his forfeited stock options.

Cicvara's cross-motion for summary judgment should be denied because it is untimely, procedurally defective, and completely meritless. He filed his motion forty-six days after the Court-imposed deadline of April 15, 2011 for filing *all* dispositive motions. Therefore, the Court should deny his motion on this ground alone. In any event, Cicvara's Local Civil Rule 56(a)1 Statement of Undisputed Material Facts ("56(a)1 Stmt."), submitted in support of his cross-motion, does not contain even *one* citation to admissible evidence and is replete with unsupported legal conclusions, which also warrants denial of the cross-motion.

In addition to its lateness and procedural infirmities, Cicvara's cross-motion is completely lacking in merit, as evidenced by his three-page "memorandum," which is utterly devoid of any case law or legal argument. Cicvara maintains in this memorandum that he "relies on the memorandum submitted in opposition to Gillette's Motion" in support of his cross-motion. Cicvara's opposition papers, however, also *completely* lack any case law or cognizable legal arguments which would entitle him to summary judgment in this case. Instead, as set forth in the Company's moving and reply papers, Cicvara cannot prevail on his breach of contract claim because he has not conclusively established that he performed under the terms and conditions of the Gillette Company 1971 Stock Option Plan (the "Plan"), or that the Company breached the terms of the Plan. As the party who bears the burden of proof on these issues, his failure to show undisputed facts warranting summary judgment dooms his motion. For these

reasons, and for the reasons set forth in the Company's motion for summary judgment, Cicvara's cross-motion should be denied and summary judgment should be granted to the Company.

## II.     ARGUMENT

### A.     CICVARA'S CROSS-MOTION SHOULD BE DENIED AS UNTIMELY

On February 23, 2011, this Court issued an Order directing that the parties file *all* dispositive motions by April 1, 2011.  (Docket Entry No. 67.)  On March 17, 2011, the Company filed a motion for an extension of time to file dispositive motions, which this Court granted, and on March 21, 2011, this Court issued an Order extending the time for filing dispositive motions to April 15, 2011.  (Docket Entry No. 71.)

On May 31, 2011, well over a month past the Court's deadline for filing dispositive motions, Cicvara filed the instant cross-motion for summary judgment.  At no point prior to filing his motion did Cicvara seek an extension of his time to file dispositive motions, nor has he submitted any excuse for his untimely filing.  Rule 16(f) of the Federal Rules of Civil Procedure provides the Court with broad discretion to impose sanctions where, as here, a party has failed to comply with a pretrial order.  The Company submits that the Court should impose sanctions here in the form of dismissal of Cicvara's cross-motion for summary judgment as untimely.  *See, e.g.*, *Julian v. Equifax Check Servs.*, 178 F.R.D. 10, 17 (D. Conn. 1998) (dismissing motion for partial summary judgment filed after the dispositive motion deadline set by the court); *NAS Elecs., Inc. v. Transtech Elecs. Pte Ltd.,* 262 F. Supp. 2d 134, 150 (S.D.N.Y. 2003) (explaining that plaintiffs' cross-motion for summary judgment should be denied as procedurally defective because "it was filed after the time for serving dispositive motions had passed").

B. **CICVARA'S RULE 56(a)1 STATEMENT DO NOT COMPLY WITH LOCAL CIVIL RULES 56(a)1 AND 56(a)3 AND MUST BE STRICKEN ON THIS BASIS**

Local Rule 56(a)1 states that "[t]here shall be annexed to a motion for summary judgment a document entitled 'Local Rule 56(a)1 Statement,' which sets forth in separately numbered paragraphs meeting the requirements of Local Rule 56(a)3 a concise statement of each material fact as to which the moving party contends there is no genuine issue to be tried." Local Rule 56(a)3 mandates that "[e]ach statement of material fact by a movant in a Local Rule 56(a)1 Statement . . . be followed by a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial." Cicvara's 56(a)1 Statement is *completely* devoid of citations to admissible evidence, and as such should be stricken and his cross-motion for summary judgment denied. *See, e.g.*, *Martin v. Town of Westport*, 558 F. Supp. 2d 228, 232 (D. Conn. 2008) (explaining that "each statement of material fact . . . must be followed by a specific citation" to admissible evidence); *Lewis v. Sieminski,* 2010 U.S. Dist. LEXIS 99775, at *10-11 (D. Conn. Sept. 22, 2010) (denying plaintiff's motion for summary judgment for failure to comply with Local Rule 56(a)(1)); *see also Barkley v. Olympia Mortg. Co.*, 2010 U.S. Dist. LEXIS 95060, at *41 (E.D.N.Y. Sept. 13, 2010) ("[D]enial of the . . . motion for summary judgment in this case is appropriate because they have failed to identify undisputed material facts, supported by admissible evidence, which would permit the court to evaluate and provide the factual bases for their instant motion for summary judgment."); *Banco Cent. de Para. v. Para. Humanitarian Found., Inc.*, 2005 U.S. Dist. LEXIS 293, at *24 (S.D.N.Y. Jan. 6, 2005) ("The Court's role is not to wander aimlessly through the record in search of evidence that substantiates the allegations in the Rule 56.1 statement. When the movant is responsible for forcing the Court into this role, the Court is completely justified in denying the motion in its entirety.").

While the lack of citations alone warrants exclusion of Cicvara's 56(a)1 Statement, his submission also should be stricken because it is replete with legal arguments, (*e.g.*, 56(a)(1) Stmt., ¶¶ 13, 14), that are wholly inappropriate in a statement of undisputed material facts. *See, e.g.*, *Alliance Sec. Prods. v. Fleming Co.*, 471 F. Supp. 2d 452, 454 (S.D.N.Y. 2007)("[L]egal arguments . . . belong in briefs, not Rule 56.1 statements, and so are disregarded in determining whether there are genuine issues of material fact."), *aff'd*, 290 Fed. Appx. 380 (2d Cir. 2008); *Jessamy v. City of New Rochelle*, 292 F. Supp. 2d 498, 509 n.12 (S.D.N.Y. 2003) (disregarding "self-serving and legally conclusory statement" in Rule 56.1 statement). In sum, the legal conclusions in Cicvara's Rule 56(a)1 Statement and the absence of any record evidence to support his "facts" provides a basis for denying Cicvara's cross-motion. *See Banco Cent. de Para.*, 2005 U.S. Dist. LEXIS 293, at *24.

### C. CICVARA HAS NOT ESTABLISHED THAT HE IS ENTITLED TO SUMMARY JUDGMENT ON HIS BREACH OF CONTRACT CLAIM

Summary judgment should be granted where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To carry its initial burden, the moving party must show that "there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). "If the moving party bears the ultimate burden of proof at trial, the standard is more stringent." *Kimbro v. I.C. Sys.,* 336 F. Supp. 2d 188, 190 (D. Conn. 2004); *see also Nat'l State Bank v. Fed. Res. Bank*, 979 F.2d 1579, 1580 (3d Cir. 1992) ("Where the party moving for summary judgment is the plaintiff, or the party who bears the burden of proof at trial, the standard is more stringent."). The complete lack of citations to the record in Cicvara's Local Rule 56(a)1 not only demonstrates that his cross-motion is procedurally defective, but also shows that he does not have *any* admissible evidence entitling him to summary judgment on his breach

of contract claim. *Vt. Teddy Bear Co. v. 1-800 BEARGRAM Co.*, 373 F.3d 241, 244 (2d Cir. 2004) (explaining that in determining "whether the moving party has met this burden of showing the absence of a genuine issue for trial, the district court . . . must be satisfied that the citation to evidence in the record supports the assertion").

     Rather, as set forth in detail in the Company's motion for summary judgment, the Company is entitled to summary judgment because it did not breach any agreement owed to Cicvara. The Company respectfully refers the Court to its motion for summary judgment and accompanying papers, which demonstrate that the Company terminated Cicvara's employment for cause only after an investigation revealed that Cicvara visited the hotel room of Bel Liu ("Liu"), a female manager of a Company supplier known as Practical Lighting Company ("Practical Lighting"), stripped down to his underwear, massaged her feet and back despite the fact that she had not asked him to do so, and admittedly told her that "one could rape [her]." Based on its findings at the conclusion of its investigation, the Company reasonably concluded that Cicvara's outrageous behavior violated its policy against harassment and its Purpose, Values and Principles ("PVPs"), and accordingly terminated his employment for cause. As a result of that termination for cause, Cicvara's stock options were cancelled by operation of the terms of the Gillette Company 1971 Stock Option Plan (the "Plan"), which states that an employee forfeits his stock options if he is terminated for "gross misconduct which is materially and demonstrably injurious to the Company or the subsidiary." (Defs.' Br. at 9-14.) For these reasons, Cicvara cannot prove that he complied with his obligations under the Plan or that the Company breached any duty it owed to him under the Plan, which are crucial elements of his breach of contract claim. Consequently, the Court should deny Cicvara's cross-motion for

5

summary judgment and grant the Company's motion for summary judgment dismissing Cicvara's claims in Count One of the Amended Complaint.

### III.  CONCLUSION

For the foregoing reasons, and the reasons set forth in the Company's motion for summary judgment, the Court should deny Cicvara's cross-motion for summary judgment and grant the Company's motion for summary judgment; grant to the Company its attorneys' fees and costs in this case; and grant to the Company such other and further relief as the Court may deem just and proper.

Dated this 16th day of June, 2011, at New York, New York.

                Respectfully submitted,

                SEYFARTH SHAW LLP

                By  s/ Edward Cerasia II
                    Edward Cerasia II (ct 13096)
                    Hema Chatlani (phv 04023)
                620 Eighth Avenue, 32nd Floor
                New York, New York 10018
                (212) 218-5500
                ecerasia@seyfarth.com

                Attorneys for Defendants
                 The Gillette Company
                 and The Procter & Gamble Company