UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PREDRAG CICVARA, | : | CIVIL CASE NO. |
|     Plaintiff, | : | 3:09-CV-2054 (JCH) |
| | : | |
| v. | : | |
| | : | |
| THE GILLETTE COMPANY, et al., | : | JUNE 22, 2015 |
|     Defendants. | : | |

**RULING RE: REQUESTS TO SEAL COURT DOCUMENTS AND
TO ISSUE ORDER TO REMOVE LINKS TO CASE-RELATED DOCUMENTS
FROM INTERNET SEARCH ENGINES (Doc. No. 104)**

Predrag Cicvara brought this lawsuit in November 2009 after his former employer, The Gillette Company ("Gillette"), terminated his employment. The court granted Gillette's Motion for Summary Judgment (Doc. No. 74) in its Ruling (Doc. No. 97) dated November 22, 2011. The court need not go into detail, but it suffices to say that facts of this case are such that they present Cicvara in an unflattering light, and those facts were recounted in the court's Ruling. Presumably, for that reason, Cicvara filed a Letter (Doc. No. 104) requesting that the court seal documents related to this case. He further requests that the court order a number of companies providing Internet search engines to remove links that lead to this case's documents from their search engines' results.

The court denies Cicvara's requests. Common law provides the public with a right of access to judicial documents. See Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119 (2d Cir. 2006). A "judicial document" is one that is "relevant to the performance of the judicial function and useful in the judicial process." Id. (quoting United States v. Amodeo, 44 F.3d 141, 145 (2d Cir. 1995)). This right of access is not

1

an unqualified one; rather, judicial documents are presumed accessible by the public, and that presumption may be overcome. See id. The weight of the presumption is determined by "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." Id. (quoting United States v. Amodeo, 71 F.3d 1044, 1048 (2d Cir. 1995) ("Amodeo II")). Documents used by parties moving for, or opposing, summary judgment are entitled to the strongest presumption: they "should not remain under seal absent the most compelling reasons." Id. at 123 (emphasis added in Lugosch) (quoting Joy v. North, 692 F.2d 880, 893 (2d Cir. 1982)). After determining the weight of the presumption of access, the court balances that presumption against competing considerations, such as the danger of impairing law enforcement, judicial efficiency, and the privacy interest of those resisting disclosure. Id. at 120.[1]

Cicvara seeks to seal the entire case, including all documents at the trial court and appellate level. As an initial matter, "[c]ase law and local rules within this district expressly disfavor the blanket sealing of an entire case." Morgan v. Dzurenda, No. 3:14-CV-966 (SRU), 2014 WL 5798696, at *2 (D. Conn. Nov. 4, 2014). The court denies this blanket request.

---

[1] The First Amendment provides the public and press with a stronger – but still qualified – right to "attend judicial proceedings and to access certain judicial documents." Lugosch, 435 F.3d at 120 (quoting Hartford Courant Co. v. Pellegrino, 380 F.3d 83, 91 (2d Cir. 2004)). The right of access under the First Amendment can be overcome only by "specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." Id. (quoting In re New York Times Co., 828 F.2d 110, 113 (2d Cir. 1987)). The standards under the First Amendment and common law are distinct from one another. See Newsday LLC v. Cnty. of Nassau, 730 F.3d 156, 165 (2d Cir. 2013). The court does not address whether the First Amendment right of access applies here because, even under the weaker common law standard, the case should remain unsealed.

To the extent that Cicvara requests to seal only those documents containing unappealing information about himself, granting such a request would require the court to seal the parties' Motions for Summary Judgment and the related Memoranda.  If it were to grant such a request, the court would have to seal its Ruling disposing of those Motions.  These documents are all clearly "judicial documents."  Indeed, they are at the core of Article III judicial power, so the presumption of access is at its strongest.  See Lugosch, 435 F.3d at 122–23.  No competing considerations present in this case overcome the presumption of access.  The court understands that Cicvara's situation is an unpleasant one that involves concerns about his privacy.  However, Cicvara brought the lawsuit, and he must have known that the embarrassing events during his previous employment would be central to the disposition of the case.  Thus, this is not a case where an innocent third party's privacy interests are at stake.  See Amodeo II, 71 F.3d at 1050 ("[P]rivacy interest of innocent third parties should weigh heavily in a court's balancing equation." (quoting Gardner v. Newsday, Inc., 895 F.2d 74, 79 (2d Cir. 1990))).  Aside from Cicvara's interest in his own privacy, no other competing considerations are present, and Cicvara's interest itself is insufficient to overcome the strong presumption of access.

As to Cicvara's second request, because sealing documents in this case would be inappropriate, the court has no basis to order companies that provide Internet search engines to remove links leading to such documents.

**SO ORDERED.**

Dated at New Haven, Connecticut, this 22nd day of June 2015.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge